# WILLIAM VILLARS

*v.*

## LEVIN T. PALMER, Admr. *et al.*

1. SURETY—*what will discharge.* It is a well settled principle that mere delay on the part of the creditor to proceed against the principal, does not discharge the liability of the surety. All that the surety has the right to require of the creditor, in the absence of any statute provision, is that no affirmative act shall be done that will operate to his prejudice.

2. Where the principal debtor in a promissory note dies, the neglect of the holder to present the same against his estate until all remedy against the estate is lost, will not discharge the surety from its payment, where the same was given prior to the act of March 4, 1869. That statute providing a different rule, applies only to cases arising after its passage.

3. SAME—*sureties' remedies in such a case.* In such a case the surety may pay the debt, and sue the principal himself, or he may go into a court of equity after the debt becomes due, and obtain a decree that the principal pay it, or he may, under the statute, give the creditor written notice to bring suit, and thus compel him to sue the principal.

APPEAL from the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

This was a bill in chancery, by William Villars, against Levin T. Palmer, administrator of the estate of Guy Merrill, deceased, and John G. Leverich, to enjoin proceedings at law by Palmer as administrator of the estate of Merrill, for the use of Leverich, upon a promissory note, given by one George W. Taylor as principal, and signed by the complainant as surety, and payable to said Guy Merrill as master in chancery. The bill showed that the estate of Taylor was solvent, and that the debt could have been made if the claim had been presented before it was barred by the two years limitation. The court below dismissed the bill, and the complainant appealed.

Messrs. TOWNSEND & YOUNG, and Mr. E. S. TERRY, for the appellant.

Mr. O. L. DAVIS, and Mr. J. B. MANN, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The claim on the part of the surety in this case is, that, as by the neglect of the creditor to present his claim against the estate of Taylor, the principal, all remedy in respect to the debt has been lost against the estate of the principal, that should operate to discharge the surety.

The complaint is of mere delay, not of any affirmative act on the part of the creditor, whereby the surety has been

affected. But it is the well established principle, that mere delay on the part of the creditor to proceed against the principal does not discharge the responsibility of the surety.

In cases of this sort, there is not any duty of active diligence incumbent on the creditor. All that the surety has the right to require of the creditor, in the absence of any statute provision, is, that no affirmative act shall be done that will operate to his prejudice. It is his business to see that the principal pays.

The law furnished the surety here with ample remedies for his protection. He might have paid the debt according to his undertaking, and have sued the principal himself; or he might have gone into a court of equity after the debt became due, and obtained a decree that the principal should pay it; or he might, under the statute, have given to the creditor written notice to put the note in suit, and thus have compelled him to sue the principal.

If he has seen fit to lie by, and the neglect to proceed against the principal in his life time, or against his estate after his decease, has been the means of depriving the surety of his indemnity, he must abide by the loss, and can not throw it upon the creditor.

Without more, we need but to refer to the cases of *The People* v. *White et al.* 11 Ill. 342, and *Taylor* v. *Beck,* 13 id. 376, where the subject is fully considered and the authorities cited. In the former case, the very point made by the surety here is decided adversely to him.

Under the statute of March 4, 1869, Sess. Laws 1869, p. 305, where the principal maker of a joint note has departed this life, it is made the duty of the holder of the note to present the same against the estate of the decedent for allowance, to the proper court, within two years after the granting of the letters of administration. But that statute is too late to affect the present case.

The decree of the court below dismissing the bill is affirmed.

*Decree affirmed.*