## WILLIAM H. GRINDOL
## v.
## WILLIAM S. RUBY.

1. LACHES—EQUITABLE RELIEF.—Where the payment of a judgment was available as a defense in a suit at law, and would, if proved, have constituted a complete defense to a suit against a party, and such party neglected his defense and suffered judgment to go by default, he would be barred from setting up the same facts as a ground of equitable relief.

2. WHERE MAKER OF NOTE DIES—RIGHTS OF SURETY AND HOLDER.—Where the maker of a note dies, the holder of the note may proceed against the surety within the two years (Ch. 132, § 3, R. S. 1874), and collect the debt from him without probating the claim against the estate of the principal. If then the surety would protect himself, the way is open to him to pay off the debt and take out letters of administration in his own name upon the estate of the principal. Where both parties have an equal opportunity to administer upon the estate, equity will not hold the creditor responsible for not doing so for the protection of the surety.

APPEAL from the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed February 8, 1884.

Mr. WILLIAM E. NELSON, for appellant; that equity will not interpose and give relief in a case where the remedy is complete and adequate at law, cited Douglas v. Martin, 103 Ill. 28.

Mr. I. A. BUCKINGHAM, for appellee; cited Brandt on Suretyship and Guaranty, § 211; White v. Walker, 31 Ill. 435.

McCULLOCH, P. J. This was a bill in chancery brought by appellee against appellant to enjoin the collection of a judgment rendered by a justice of the peace. The bill alleges that some time in the year 1877, appellee became security for one E. A. Roberts, upon a note payable to the firm of Penniwell & Grindol, of which firm appellant is the surviving partner; that on the 4th day of March, 1878, judgment was rendered in favor of the payees against Roberts alone, before a justice of the peace; that on the 20th day of September, 1878, a *sci. fa.* issued upon said judgment to make appellee a party to the same, and judgment was rendered against him on the 26th day of the same month; that after the rendition of said judgment and about January 1, 1879, and more than two years before the filing of the bill in this case, said E. A. Roberts died intestate, leaving ample property to pay her debts, and that during said two years said judgment might have been made from her estate, but that the same had not been presented in the county court; that Penniwell, before his death, received property from the estate of Roberts in discharge of said judgment, but neglected to enter satisfaction thereof; that appellant had caused execution to issue thereon which was about to be levied upon appellee's property; and then the bill prays for an injunction against the collection of the said judgment.

The court found that Penniwell had received property in satisfaction of said judgment, and thereupon rendered a decree making the injunction perpetual. From this decree appellant prosecutes an appeal to this court.

After a careful examination of the evidence we are satisfied

Grindol v. Ruby.

it does not support the finding of the court.  But even if this were not so, the fact so found could avail appellee nothing as a ground of equitable relief.  The proof shows conclusively that the death of said E. A. Roberts occurred on the 3d day of August, 1878.  This was after the judgment had been rendered against her, and before the *sci. fa.* had been sued out against appellee.  It also appears from appellee's own testimony that the satisfaction of the judgment, if any such had taken place, occurred after the death of Mrs. Roberts and before the *scire facias* had been sued out against him.  This payment of the judgment, as now contended for, was therefore available in the suit at law, and would, if proved, have constituted a complete defense to the suit against him.  But he neglected his defense and suffered judgment to go by default.  This bars him from setting the same facts up as a ground of equitable relief.

A second ground of relief set up in the bill is, that appellant having for more than two years after the death of Mrs. Roberts failed to have the judgment against her probated in the county court, the surety is discharged by virtue of Chap. 132, § 3, R. S. 1874.  The facts in proof appear somewhat different from the allegations in the bill in the important particular that the bill alleges the note had been reduced to a judgment against both principal and surety before the death of the former, whereas the proof shows that the judgment was not rendered against the surety until after her death. We are not therefore called upon to express any opinion as to what the effect of this statute would be upon the facts alleged, but will confine ourselves wholly to the case made by the proof. The statute referred to provides, in effect, that where the principal maker of a note shall die, if the creditor shall not within two years after the granting of administration, present the same to the proper court for allowance, the surety shall be released to the extent that the same might have been collected of such estate if presented in proper time.

Before the enactment of this statute it was the law that where the principal maker of a note died, the neglect of the holder to present the same against his estate until the surety

had lost his remedy against the estate, did not discharge the surety. In such case it was the duty of the surety to see that the note was paid, and having paid it himself he had a rem edy over against the estate of his principal. Villars v. Palmer, 67 Ill. 204. This statute will not permit the holder to lie by until the surety shall have lost all remedy against the estate of his principal and then endeavor to compel the surety to pay the debt. If he does so the surety is discharged.

But this is not all of this section of the statute. It further provides that it shall not be so construed as to prevent the holder from proceeding against the surety within the two years. This is just what appellant did. He had a right to sue appellee upon the note within the two years and collect it if he could. Having brought such suit we are unable to see what effect this statute can have upon the case. The meaning of it appears to be that if the holder fails to present the claim against the estate within two years after the granting of administration, and further fails to bring suit against the surety within the two years, his right of action against the latter is barred; but if he commences suit against the surety within such two years, his action is not barred. The commencement of such suit is therefore a notification to the surety to seek his remedy against the estate of his principal, by paying the debt and filing his claim against the estate, or to be forever barred from so doing. If he fails to do so the remedy of the creditor against both principal and surety is preserved. This is just and equitable. If the surety fails to pay the debt and thereby entitle himself to indemnity out of his principal's estate, he is in no position to complain of the laches of the creditor in not doing the same thing.

In this case it appears from the evidence that administration has never yet been granted upon the estate of Mrs. Roberts, and therefore, if we give the statute a literal interpretation, the bar thereby created has not yet taken place. But it is claimed that it was the duty of appellant to have administered upon the estate as a creditor and by that means to have collected the debt. It might be a sufficient answer to

this position to say the statute does not so provide, and there being no common law requirement to that effect appellant was under no such duty. But perhaps a better answer would be, that the statute above quoted expressly provides that the holder of the note may proceed against the surety within the two years, and, as we construe it, collect the debt from him without probating the claim against the estate of the principal. If, then, the surety would protect himself, the way is open to him to pay off the debt and take out letters of administration in his own name upon the estate of the principal. Where both parties have an equal opportunity to administer upon the estate, equity will not hold the creditor responsible for not doing so for the protection of the surety.

We are therefore wholly unable to see any possible grounds appellee has for any relief in a court of equity. The decree of the court below will therefore be reversed and the cause remanded, with directions to the circuit court to dismiss the bill.

Reversed and remanded.