## M. C. James, Appellant, v. J. W. Plank, Appellee.

1. STATUTORY LAW—*section 3 of chapter 132 in relation to sure·ties construed.* Section 3 of chapter 132 which fixes the time within which a claim shall be filed against an estate in order to prevent a release of the surety is not amended by the amendment made to section 70 of chapter 3 of the Administration Act.

2. SURETYSHIP—*when surety not discharged.* Failure to file a claim against the estate of a deceased person within one year after the issuance of letters does not discharge a surety upon the obligation of such deceased person as the statute in relation to sureties does not require that such a claim should be filed except within two years from the date of the issuance of such letters.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed December 7, 1910.

JAMES L. LOAR, for appellant.

J. E. MORRISON, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellant, M. C. James, executed with E. W. Mathews in his lifetime the following note:

"$200.00                    McLean, Ill., January 8, 1908.

One year after date we promise to pay to the order of J. W. Plank Two Hundred Dollars with interest at 6 per cent per annum, from date, if not paid when due. Value received.

(Signed)   E. W. MATHEWS,
                    M. C. JAMES."

Mathews was the principal maker of this note and James signed it as surety. The principal maker died on February 26, 1908. Letters of administration were issued on his estate March 5, 1908. The note was filed as a claim against Mathews' estate May 17, 1909, more than one year after letters of administration had been granted upon the estate. The claim was objected to and disallowed by the administratrix for the rea-

son that it was not presented against the Mathews' estate within one year after the granting of letters of administration as required by the statute.

On August 19, 1909, appellee commenced his action to recover the amount due upon the note against appellant.

The declaration contains one special count and the common counts. Appellant filed a plea of general issue and one special plea, setting forth that he was surety upon the note, that Mathews was the principal maker; that Mathews had died; that letters of administration were granted upon his estate on March 5, 1908, and that appellee refused and neglected to present the note against said estate as a claim until May 17, 1909, more than one year after the letters of administration were granted, and that by reason thereof the defendant was relieved and discharged from the payment of the note, etc.

To this special plea a demurrer was filed and sustained by the court. Appellant elected to stand by his plea and judgment was rendered against him for the amount of said note, and it is to reverse that judgment this appeal is prosecuted.

Paragraph 7, section 70 of chapter 3 of the Revised Statutes concerning administration provides that no claim shall be allowed against an estate unless presented within one year after the granting of letters of administration, with certain exceptions. This claim was not presented within one year from March 5, 1908, the date of the granting of letters of administration, and in consequence thereof all rights against the estate so far as this note was concerned were lost and appellant insists that by reason of the failure of appellee to file his claim within one year as required by the statute that he as surety is released from payment of the note and that the court erred in sustaining the demurrer to his special plea.

Section 3 of chapter 132 of an act in force July 1, 1874, provides that where the principal maker of a

note dies the note must be presented against the estate of such principal maker within "two" years from the date of the granting of letters of administration, otherwise the surety shall be discharged. Appellee insists that he complied with this statute by filing the note as a claim against the estate of the principal maker on May 17, 1909, which was within the two years after the granting of the letters of administration and that by reason thereof the surety is not discharged and that he is entitled to recover the amount of this note from appellant.

At the time of the passage of the act in force July 1, 1874, regarding sureties requiring the owner or holder of a note to present it against the estate of the principal maker within "two" years after the granting of letters of administration upon his estate, section 70 of chapter 3 of the administration act permitted claims to be filed against an estate and participate in the assets any time within two years after the granting of the letters of administration. This section of the administration act was amended by the act now in force, on the first day of July, 1903, so that all claims not filed against an estate within one year after the granting of the letters of administration shall not participate in the assets of the estate, except under certain exceptions; but section 3 of chapter 132 was not amended. These acts are not in conflict and it cannot be held that the amendment to the act concerning administration of estates which reduces the time for filing claims against an estate from two years to one year repealed section 3 of chapter 132 by implication. While it may have been the intention of the Legislature to require a claim to be filed against an estate within the time required by law for so filing it or the surety should thereby be discharged, they did not so amend the law. Section 3, chapter 132, fixes the time within which a claim shall be filed against an estate in order to prevent a release of the surety, and we cannot hold that the amendment to the ad-

ministration act also amended section 3 of chapter 132 by changing the time limit of two years to one year without invading the province of the legislature.

Appellant strenuously insists upon the application of the general rule of law that where a principal is discharged the surety is released and insists that by reason of the neglect or failure of appellee to file his claim against the estate of Mathews, deceased, within one year and thereby being denied the right to share in the proceeds of Mathews' estate and thereby releasing the estate from further liability the surety is released, but this principle of law has no application where the release of the principal occurs by operation of law. People v. White, 11 Ill. 342.

The right of appellee to proceed against appellant was not lost by failure to file his claim against the Mathews' estate within the one year. Villars v. Palmer et al., 67 Ill. 204.

The court properly sustained the demurrer to this plea and there being no error in the record, the judgment is affirmed.