# CHARLESTON.

BOARD OF COMMISSIONERS OF OHIO COUNTY v. CLEMENS *et al.*

Submitted October 14, 1919.   Decided October 21, 1919.

1. ATTORNEY AND CLIENT—*Principal and Surety—Attorney Having Power to Agree to a Continuance, Surety is Not Discharged Therefor.*

   An attorney at law employed to prosecute or defend a suit has implied authority to agree to a continuance thereof, when such continuance is in the interest of his client, or in the attorney's judgment will expedite a hearing; and such continuance is not an extension of the time of payment and does not discharge a surety.  (p. 13).

2. PRINCIPAL AND SURETY—*Contract of Corporation—Answer Construed in Favor of Obligee.*

   Although a voluntary surety is a favorite of the law, and entitled to stand on the strict letter of his contract, the rule *strictissimi juris* does not apply to a corporation organized to enter into bonds and undertakings for a profit.  Such companies are essentially insurers, and their contracts being usually expressed in terms prescribed by themselves should be con-construed most strongly in favor of the obligee therein.  (p. 14).

Error to Circuit Court, Ohio County.

Action by the Board of Commissioners of Ohio County against W. M. Clemens, ex-sheriff, etc., the Citizens' Trust & Guaranty Company of West Virginia, and others.  Judgment for plaintiff, and defendant Citizens' Trust & Guaranty Company of West Virginia brings error.

*Affirmed.*

*Hubbard & Hubbard,* for plaintiff in error.
*David A. McKee,* for defendant in error.

WILLIAMS, JUDGE:

The Board of Commissioners of Ohio County recovered a judgment against W. M. Clemens, ex-sheriff of said county, and the Citizens Trust & Guaranty Company, his surety, in an action on his official bond, and the surety brings this writ of error, claiming that it should have been discharged from liability, be-cause a continuance of the case for thirty days was taken by agreement between the attorneys for plaintiff and the principal debtor, respectively, without its knowledge or consent.

Defendant Clemens was sheriff of Ohio county from the 1st of January, 1909, to the 31st of December, 1912. After his term of office ended an audit was made of his accounts by J. H. Otto, under the direction of the State Tax Commissioner's office, which showed a balance of public funds in his hands due to the Board of Commissioners of Ohio county, and this action was brought to recover that balance.

The items sought to be recovered are 15% of the fees required to be paid to and collected by the sheriff as county treasurer, commissions improperly deducted on miscellaneous settlements, and interest. The action was begun by notice of motion for judgment.

The Citizens Trust & Guaranty Company of West Virginia, the surety, filed a special plea on the 23rd of September, 1916, admitting its suretyship on the bond sued on and alleging that, in disregard of its persistent demands upon plaintiff to pro-ceed with due diligence to prosecute such claims as it might have against the sheriff based on said bond, and in disregard of the court's order made on the 25th of May, 1916, referring the cause to a commissioner, and-ordering the testimony to be taken and the commissioner's report completed and filed on the first day of the next term, which was the 5th day of September, 1916, plaintiff and the principal defendant agreed before that time, without the surety's knowledge or consent, to defer the taking of testimony until the next October, thus staying the proceedings for more than thirty days.

Neither party requiring a jury and both parties agreeing thereto, all matters of law and fact were submitted to and de-cided by the court. On the 3rd of December, 1917, it heard the

cause upon the aforesaid special plea, general replication thereto, the commissioner's report and exceptions thereto by defendant Clemens, and sustained his exceptions in respect to certain items, and found against the surety on the issue raised by its special plea, and rendered judgment against both principal and surety for $8,196.65, with interest thereon from the 1st of December, 1917, until paid.

After the cause was referred to a commissioner the prosecuting attorney, who was counsel for plaintiff, agreed with counsel representing the sheriff that the taking of testimony might be deferred until October following, for the reason, as then suggested by the attorney for said Clemens, that a great deal of time could be saved by thus allowing time to Mr. Welch, who had been chief deputy for said sheriff, to go over the audit made by the State; that in all probability defendant would admit a great many items therein charged and thus dispense with the necessity of taking evidence to prove them. The effect of this continuance was to carry the case over the term at which the commissioner had been directed to file his report. The surety insists that the continuance was in effect an extension of time to the principal debtor, and being granted without its consent, operated to discharge it from liability. We do not think so, for two reasons.

First, because it does not appear that the plaintiff consented, nor that the prosecuting attorney had authority to bind it by an agreement to extend time of payment.

Second, because a different rule respecting liability applies to a surety company, who becomes surety for another for a valuable consideration, than is generally applied to a mere voluntary surety.

The agreement between attorneys for the respective parties to continue the time for taking testimony was apparently for the purpose of expediting the hearing. As counsel for plaintiff, the prosecuting attorney had the right and implied authority to make such an agreement. Thornton on Attorneys at Law, p. 486. Stipulations between opposing counsel, necessary or incidental to the management of the suit, are within the implied authority of the attorney and are binding on his client. 2 R. C. L. 989; and 6 C. J. 702. While, generally speaking, an attorney

at law has control over the conduct of a suit and may bind his client by an agreement made in his interest to continue the case, he has no implied power to grant an extension of time of payment, nor will an unauthorized extension by him discharge a surety. *Hall* v. *Presnell,* 157 N. C. 290, 39 L. R. A., (N. S.); 62; *Jerauld* v. *Trippett,* 62 Ind. 122; and *Haselton* v. *Florentine Marble Co.,* 94 Fed. 701. Moreover, it does not appear that the continuance occasioned any loss to appellant.

A voluntary surety is a favorite of the law, and he is generally entitled to insist on the very letter of his contract. But the doctrine of *strictissimi juris* does not apply to corporations organized to enter into bonds or undertakings for a profit. Although such companies sometimes call themselves surety companies, their business is essentially that of insurer, and their contracts being usually expressed in terms prescribed by themselves, should be construed most strongly in favor of the obligee therein. 32 Cyc. 307.

An extension of time will not relieve a surety company on a bond, unless the extension exceeds the time limited in the bond for bringing suit thereon, nor unless the surety company is thereby made to suffer material harm. *Philadelphia* v. *Fidelity &c. Deposit Co.,* 231 Pa. St. 208, 23 Anno. Cases 1085, and cases cited in note at page 1087; *Brown* v. *Title Guaranty & Surety Co.,* 232 Pa. St. 337, 38 L. R. A., (N. S.), 698; *Guaranty Co.* v. *Pressed Brick Co.,* 191 U. S. 416; *Hormel & Co.* v. *American Bonding Co.,* 112 Minn. 288, 33 L. R. A., (N. S.), 513, and numerous cases cited in note; and *Western Casualty &c. Co.* v. *Board of County Commissioners of Muskogee County,* (Okla.). 159 Pacif. 655, L. R. A. 1917B, 977.

We affirm the judgment.

*Affirmed.*