DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1922.

---

Harvey Gunsul, Receiver, Appellee, v. American Surety Company of New York, Appellant.

## Gen. No. 6,999.

1. APPEAL AND ERROR—*impropriety of order permitting writ of error to operate as supersedeas when bond not given.* Where a decree had been entered against a receiver for profits wrongfully made by him by dealing in the stocks and bonds of the corporation of which he was receiver and he had sued out a writ of error to review such decree, the circuit court was without jurisdiction, at a subsequent term, to make an order which had the effect of making the writ of error operate as a supersedeas without a supersedeas bond being required.

2. PRINCIPAL AND SURETY—*departure from contract not releasing surety on receiver's bond.* A surety upon a receiver's bond, the annual premiums on which have been paid, is really an insurer and any departure from the contract, to operate as a release, must be in material matters and must operate to the injury of such surety.

3. PRINCIPAL AND SURETY—*effect of extension of time on surety company's liability on receiver's bond.* The business of a surety company is essentially that of an insurer, and an extension of time will not relieve it from liability unless it is thereby made to suffer material harm.

4. PRINCIPAL AND SURETY—*pleading release of surety on receiver's bond by extension granted receiver.* In a suit against

a surety company upon a receiver's bond, an allegation that by reason of the entry of a consent order in an action against the receiver postponing the sale of land and waiving the giving of an appeal bond and reserving to plaintiff the right to the immediate issuance of a certificate of levy or sale, all without the consent of the defendant, it was released and discharged from all liability as surety, did not amount to an allegation that the surety company was injured by the order.

5. PRINCIPAL AND SURETY—*insufficiency of evidence to show injury to surety on receiver's bond by acts of obligee.* Where an order was made by the circuit court, in a suit against a receiver to recover money wrongfully made by him out of the receivership, which had the effect of making the writ of error sued out by defendant operate as a supersedeas without a supersedeas bond being required and it appeared that neither the officers nor the attorneys of the surety for such receiver knew of such order, so that it was not, by such order, prevented from attempting to take certain steps for its protection, and it did not attempt to take such steps but acted as it would have done if the order had not been entered, and it further appeared that the land affected by the order had increased in value, there was a failure to show that the surety had been injured by such order.

6. EVIDENCE—*admissibility of opinion evidence where not objected to though basis not shown.* Where a witness testified that he had investigated and found that certain lands subject to the lien of a judgment against the owner had increased in value, and no objections were made to the questions or answers, there was no necessity for showing what investigation he had made in order to render his opinion admissible.

7. PRINCIPAL AND SURETY—*surety on receiver's bond not released by act of obligee in absence of pleading and proof of injury.* Where the surety of a receiver neither pleaded nor proved that it was injured by an order of the court which in effect made the writ of error sued out by the receiver to review a judgment against him operate as a supersedeas without a supersedeas bond, it was not released from liability on the bond though the order was entered with the consent of the plaintiff in that suit.

8. PRINCIPAL AND SURETY—*failure of receiver succeeding obligor to require obligor to give appeal bond as affecting surety's liability.* A receiver of a corporation who sued a former receiver to recover profits made by him from dealings in the stocks and bonds of the corporation while acting as receiver and obtained a decree, owed no duty to the surety for such former receiver to force defendant to give an appeal bond or a supersedeas bond.

Appeal from the Circuit Court of Kane county; the Hon. ADAM

C. CLIFFE, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed April 27, 1922. Rehearing denied and opinion modified October 12, 1922.

F. F. & J. V. NORCROSS, for appellant.

JOHN K. NEWHALL, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Frank W. Cherry became receiver of the Chicago, Aurora & De Kalb Railroad Company and, as such, gave the bond here in suit in the penal sum of $25,000, with the American Surety Company of New York as surety thereon. The principal condition in said bond was as follows:

"Now THEREFORE, if the said F. W. Cherry shall duly account for what shall come to his hands or control as such receiver, and pay and apply the same from time to time as he may be directed by said court, and obey such orders as said court may make in relation to said trust, and in all respects faithfully discharge the duties of said trust, then the above obligation to be void, otherwise to remain in full force and virtue."

Thereafter Cherry filed a final report and his resignation as receiver. The report was approved and the resignation accepted. Thereafter, at the same term of court, creditors intervened and on their application the order approving his report was vacated. Harvey Gunsul, who had been appointed receiver of the same road by the same court in another suit, also intervened. It was claimed by said creditors and by Gunsul as receiver that Cherry, while receiver, had made large profits by dealing in the stocks and bonds of the railroad company and that he should account as receiver for said profits. These proceedings resulted in a decree against Cherry for over $52,000. That decree was reviewed on error in this court. We granted Cherry certain credits and affirmed the main features of the

decree and remanded the case for modification in certain particulars specified.  Our decision was reviewed on error in the Supreme Court and resulted in an affirmance.  The case is reported in 217 Ill. App. 213, and 297 Ill. 130, to which we refer for the details. After a rehearing had been denied in the Supreme Court, the circuit court modified its decree pursuant to the directions of this court, and thereupon this suit on Cherry's bond was brought against the American Surety Company of New York.  Proper pleadings were filed by the respective parties and issues of fact were joined.  A jury was waived.  There was a trial and a judgment for plaintiff in debt for $25,000, and assessing the damages at $25,000.  Defendant appeals.

The only defense urged is under the fourth plea, the allegations of which were denied by a replication, and issue was joined thereon.  The original decree of the circuit court was entered at the May term, 1918.  It required Cherry to pay Gunsul, receiver, $52,416.71, on or before July 15, 1918, and to pay the costs, and awarded execution.  Thereafter, on July 29, 1918, at said May term, Cherry prayed and was allowed an appeal to this court on filing bond in the penal sum of $70,000, the security to be approved by the clerk within 60 days, and leave was given to file a bill of exceptions within 60 days.  Cherry did not perfect an appeal but sued out a writ of error from this court.  Thereafter at the September term, 1918, of said circuit court, Cherry filed a petition in said cause in the circuit court which recited the decree of the former term against him; that on the next day after the said decree was entered a certified copy thereof was filed in the office of the recorder of Greene county, Illinois, in which county Cherry alleged that he owned about 440 acres of land, clear of incumbrance (except levee taxes not due), and worth at least $50,000; that his bond as receiver is in the sum of $25,000; that he had sued out a writ of error from this court to review that decree;

80    Appellate Courts of Illinois.

Gunsul v. American Surety Co. of New York, 225 Ill. App. 76.

that in order to have said writ of error operate as a supersedeas a bond of $70,000 would be required of him; that it would be very difficult for him to secure such a bond and, if possible, would be very expensive; that the lien of the decree on his lands in Greene county and his receiver's bond are ample security for the payment of the decree, if affirmed. He asked for such an order as was then entered. That order, after certain recitals, one of which was that Cherry was actively engaged in prosecuting said writ of error, was as follows:

"That during the time said cause is pending for review either in the Appellate Court of the Second District of the State of Illinois, or in the Supreme Court of the State of Illinois, that in case a certificate of levy shall be issued upon the decree heretofore entered against the respondent, F. W. Cherry, in the above entitled cause during the pendency of said cause on review that such certificate of levy shall not be assigned, transferred or sold by the said Harvey Gunsul, receiver of the said Chicago, Aurora and De Kalb Railroad Company, nor by said company, nor by the successor of the said Harvey Gunsul in case one should be appointed, and that no sale shall be made thereunder until said cause shall have been finally disposed of on review."

It further directed that Cherry should prosecute his "appeal" with diligence and, if he did not, Gunsul, receiver, might apply to the court to have the order modified or vacated.

We are of the opinion that the circuit court had no jurisdiction to make such an order. The decree had been entered at the previous term. The matter stated in said petition, if presented at the previous term, might have induced the court to fix a smaller bond for the appeal. As the time fixed for filing bond and certificate of evidence had not yet expired, the court had jurisdiction to extend that time, but the question whether a supersedeas should issue from this court

and, if so, upon what terms as to a supersedeas bond, were matters not within the jurisdiction of the circuit court. The meaning of the order was that the writ of error should operate as a supersedeas without a supersedeas bond being required. We regard it as unimportant whether or not the circumstances under which the order was entered made this an order by the consent of Gunsul, the receiver. We also conclude that if it was a consent decree, it does not constitute a defense to appellant for reasons hereinafter stated. But in the further consideration of the case we will assume that this order was by consent and cannot be disputed by Gunsul.

Appellant was 'a surety for hire. The cost of the bond was $125 per year, payable in advance. John J. Maehle was a witness for appellant. He lives in Chicago and has been resident vice-president of appellant at Chicago for the last 10 years and was its manager there since February, 1919, and its assistant manager for the 5 years before that date. He executed this bond for appellant and has had general charge of matters relating to this bond ever since it was given. The books of appellant at Chicago show whether the premium has always been paid and the course of business there is such that if it had not been paid at any annual date when due, he would be notified. He did not recollect hearing that it had not been paid. This bond was given July 10, 1916. The judgment of the Appellate Court was affirmed by the Supreme Court on February 15, 1921, and a rehearing was there denied on April 14, 1921. The circuit court, on March 11, 1921, modified its decree as directed by this court. This suit was begun on April 16, 1921. We think it a reasonable conclusion from the proofs and the course of business pursued by appellant at its Chicago office that the yearly charge for this bond was paid up to and including July 10, 1920. Appellant therefore is not a voluntary surety, entitled to insist on the very letter of its

contract. It is really an insurer. The bond here sued upon is to be construed as a contract of insurance. *Lesher v. United States Fidelity & Guaranty Co.*, 239 Ill. 502, on p. 509. Departures from the contract which will release such a surety must be in material matters, and must operate to the injury of the surety. *City of Chicago v. Agnew*, 264 Ill. 288. It was held in *Ohio County Board Com'rs v. Clemens*, 85 W. Va. 11, 7 A. L. R. 373, 100 S. E. 680, that the business of such surety companies is essentially that of insurer, and that an extension of time will not relieve such a company, unless the surety company is thereby made to suffer material harm. Many cases are there cited in support of that position. In *United States Fidelity & Guaranty Co. v. United States*, 191 U. S. 416, on p. 426, it is held that the giving of a customary credit, with no evidence of loss occasioned thereby, is not sufficient to discharge such a surety company. Such is the general result in principle of the decisions in *People v. White*, 11 Ill. 342, on p. 348; *Taylor v. Beck*, 13 Ill. 376, on p. 384; and *Villars v. Palmer*, 67 Ill. 204.

Has appellant been injured by the order of September 9, 1918, here complained of? All that is alleged on that subject in said fourth plea is "that by reason of the entry of said consent order postponing the sale of said farming land and waiving the giving of said appeal bond, and in the meantime reserving to the plaintiff the right to the immediate issuance of a certificate of levy or sale as set forth in said order, all without the consent of this defendant,—this defendant was released and discharged from all liability as surety of said F. W. Cherry upon said receiver's bond in plaintiff's declaration mentioned." That is not an allegation that appellant was injured by the order. The proof of injury is equally lacking. Appellant's briefs urge that various things could have been done by appellant but for this order. Appellant's proof tended to show that neither its officers in charge of this mat-

ter nor its attorneys knew of said order until after this suit was begun. It was therefore not prevented by said order from attempting to do said things. It did not attempt to do any of them. It acted or refrained from acting just as it would have done if the order had not been entered. It did not intend to do any act until it should be sued on the bond. Its course of action has not been varied in the slightest degree by the entry of that order, of which it had no knowledge. The evidence of Maehle, when all considered, shows that he had a general knowledge of the proceedings against Cherry. He knew when Cherry was decreed by the circuit court to pay a large sum of money. He knew Cherry removed that cause to the Appellate Court and was there defeated and then removed it to the Supreme Court. He never heard that Cherry had given an appeal bond or that the writ of error had been made a supersedeas, or that a supersedeas bond had been given. Appellant had no right to require for its protection that an appeal bond or a supersedeas bond should be given. Its officers and attorneys must have supposed that no such bonds had been given, yet appellant took no steps which it now argues could have been taken but for said order of September 9, 1918. We are of opinion appellant has not proved that it has been injured by said order. But further, Gunsul testified that he had investigated as to the value of Cherry's lands in Greene county, and learned that they had increased in value about $20,000 since 1918, and are now worth about $80,000. It is urged that Gunsul was not sufficiently qualified to entitle him to testify to that opinion. But no objections were made to the questions or the answers and there was therefore no necessity to show what investigation he made. Therefore appellant is still fully protected; as appellant has neither pleaded nor proved that it was injured by the order in question, it is not released from liability on this

bond, even if said order was by consent and binds Gunsul as receiver.

Gunsul as receiver owed no duty to appellant to endeavor to force Cherry to give an appeal bond or a supersedeas bond. This is supported by the discussion in 21 R. C. L., pp. 1032 to 1034, and by various Illinois cases. Cherry had a right to obtain a review of the decree on error without a bond. It is obvious that if the order complained of had not been entered, ordinary prudence would have prevented Gunsul from selling the land in Greene county on execution while such review was pending. Cherry earnestly contended that all his dealings in the stocks and bonds of the railroad on which he had made a profit were before he became receiver and when he had a right to deal in them for his own benefit. It was entirely possible that that view would be taken by this court or by the Supreme Court. The rulings of the circuit court on various items were specially questioned. Any of those objections were liable to be sustained. This court did sustain some of the objections and this required a modification of the decree. No person was likely to purchase said lands on execution for any adequate consideration while these questions were pending in the courts of review. Hence, it would have been unwise and, indeed, improper for Gunsul to attempt to sell the lands on execution prior to the final modification of the decree in the circuit court. If appellant had paid the decree and taken an assignment of the decree, it would have been equally unable to sell the lands on execution until the litigation reached the final determination. These considerations further show that appellant has not been harmed by the order in question, which is the only defense it interposes here.

Other considerations tending to the same result are supported by the record, but we think it unnecessary to discuss them.

The judgment is affirmed.

*Affirmed.*