JOHN A. TOLMAN & COMPANY, Respondent, vs. INFUSINA and others, Appellants.

*December 3, 1919—January 13, 1920.*

Guaranty: Consideration: Bond guaranteeing payment of past indebtedness: Fraud: Failure of obligee to advise guarantors of existing debts of principal: Evidence: Contract under seal: Appeal: Reversal.

1. Where a salesman's bond guaranteed the payment to his employer not only of all moneys collected by and advanced to him, but also of "any and all indebtedness now due" his employer from him, the employer's failure to inform the sureties that the salesman was already indebted to it at the time they signed the bond was not a fraudulent concealment where the employer had no communication whatever with the sureties before they signed.
2. Under sec. 4195, Stats. 1898, guarantors signing a bond which was under seal and recited a consideration were entitled to show want of consideration, the bond being given for a past indebtedness.
3. There must be a new consideration moving either to the principal or to the sureties, or to both, or a detriment to the obligee, for a bond guaranteeing the payment of a past indebtedness of the principal.
4. On appeal by sureties on a guaranty bond, the error of the judge in refusing to find on the issue whether the bond was given for a past indebtedness, and, if so, whether any consideration moved from plaintiff to the sureties or to the principal, is ground for reversal and a new trial pursuant to sec. 2405m, Stats. 1917.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed as to appealing defendants.*

Action upon bonds to indemnify plaintiff from any loss sustained through the principal, who was its salesman. The material portion of the second bond, which is the only one involved in the appeal, is as follows:

"This memorandum witnesseth, that *John A. Tolman & Company* has contracted with John C. Peterson as salesman, and otherwise, and in consideration of the sum of one

dollar, and other valuable consideration received from said company, the receipt of which is hereby acknowledged, I hereby guarantee the payment to said company of any and all moneys collected by him on account of said company, and of all moneys which said company may from time to time advance to him, and any and all indebtedness now due or which may hereafter become due to said company from him."

The bond was under seal. A former bond was signed by other sureties, and judgment for the amount found due from Peterson went against them also as well as against the principal. Only the sureties upon the second bond appealed.

For the appellant *Infusina* there was a brief by *Heck & Krenzke* of Racine, and oral argument by *Charles Krenzke*.

*Vilas H. Whaley* of Racine, for the appellants *Brown, Born,* and *Davis*.

For the respondent there was a brief by *Thompson, Myers & Kearney* of Racine, and oral argument by *Thomas M. Kearney*.

VINJE, J.    In their answers and upon the trial the appealing defendants claimed that the bond was given for a past indebtedness due plaintiff from Peterson; that no consideration moved from plaintiff to the sureties or to Peterson; and that the sureties were induced to sign the bond through fraudulent concealment of facts known to it but not to them, to the effect that Peterson was a defaulter. The trial court found against them upon the latter point. The alleged fraud consisted in plaintiff failing to inform the sureties of the fact that Peterson was already indebted to it at the time they signed the bond and that plaintiff had reason to believe that Peterson was a defaulter.    Plaintiff had no communication whatever with the sureties before they signed.    Under the rule of *John A. Tolman Co. v. Butt*, 116 Wis. 597, 93 N. W. 548, the finding of the trial court must be sustained.

The court, though requested to do so, refused to find

upon the issue of whether or not the bond was given for a past indebtedness, and the court made no finding as to whether or not there was a consideration for the bond.  In its decision it stated: "I think the question of want of consideration is not open and is concluded by the recitation in the guaranty contract regarding consideration."  If by this the court meant that defendants could not show want of consideration, then it was mistaken, for sec. 4195, Stats. 1898, in force at the time this bond was signed, provides, "A seal upon an executory instrument hereafter executed shall be received as only presumptive evidence of a sufficient consideration, which may be rebutted as if the instrument was not sealed."  See, also, *Carey v. Dyer,* 97 Wis. 554, 73 N. W. 29.  If the court meant that since no evidence had been introduced showing a want of consideration then the recitals in the bond controlled, it was correct.  The law is well settled that there must be a new consideration moving either to the principal or to the sureties, or to both, or a detriment to the obligee, for a bond guaranteeing the payment of a past indebtedness of the principal.  21 Ruling Case Law, 959, 960; 20 Cyc. 1413; *Bank of Commerce v. Ross,* 91 Wis. 320, 64 N. W. 993.

Owing to the failure of the court to find upon the issue whether the bond was given for a past indebtedness, and, if so, whether any consideration moved from plaintiff to the sureties or to Peterson, we conclude that justice in this case has not been done, and that pursuant to the provisions of sec. 2405m, Stats. 1917, we must reverse the judgment as to the appealing defendants and send the case back to take further evidence, if either party desires it, upon the above issues not found, and for findings thereon and judgment in accordance with the findings made.

*By the Court.*—Judgment reversed as to appealing defendants only, and cause remanded for further proceedings according to the opinion.