MERRILL, Administrator,. Appellant, vs. FOCHT, Executrix: MARTIN, Claimant and Respondent.

*October 19—November 16, 1920.*

*Executors: Claims against estates: Corporations: Stock certificates not negotiable paper: Assignment under seal: Presumption as to consideration: Trial of claim in county court: Contest by creditor: Judgment: Costs.*

1. Stock certificates are not "negotiable paper" within the meaning of sec. 1675—51, Stats., as such statute existed on July 10, 1913, providing that the indorsement or delivery of "negotiable paper" as collateral security for a pre-existing debt, without other consideration, and not in pursuance of an agreement at the time of delivery, by the maker, does not constitute value.

2. The recital in an assignment of stock under seal to the assignor's creditor that it was given "for a good and valuable consideration to me in hand paid by P. [assignee], the receipt whereof is hereby acknowledged," is presumptive evidence of a sufficient consideration under sec. 4195, Stats., even though the security of past indebtedness be no consideration.

3. In proceedings against the estate of a decedent by a creditor claiming a lien on certain stock, in which the present claimant, also a creditor, appeared to contest allowance of the lien, involving merely the issue of whether the first creditor was

entitled to such lien, the judgment rendered was not conclusive as to whether the present claimant was entitled to a lien on the stock, his right thereto not being in issue.

4. Any creditor of the estate of a deceased person has an interest in the denial of any claim filed and may appear and oppose its allowance.

5. Where in such proceedings the contestant of the lien was the principal, if not the sole, objector to the allowance thereof, and the executrix made no appearance in the supreme court on claimant's appeal from the judgment disallowing the lien, this court, in reversing the judgment, will tax costs against contestant and not against the executrix.

APPEAL from a judgment of the county court of Green county: J. B. SIMPSON, Acting Judge. *Reversed.*

This is an appeal by claimant against the estate of Burr Sprague, deceased, from an order allowing the claim but denying a preference.

On November 15, 1912, Burr Sprague executed to Newton N. Palmer his promissory note for $2,500, secured by real-estate mortgage covering various descriptions of property, including his homestead, the title to which stood in the name of his wife. On November 11, 1912, said Sprague executed to one *Elizabeth Martin* his promissory note for $2,500, secured by 450 shares of the capital stock of the United Mercantile Agency, a South Dakota corporation. Prior to July, 1913, the United Mercantile Agency became insolvent. A new company was incorporated in the name of United Agency, which took over the assets of the old company, and the stockholders in the old company were granted the privilege of buying stock in the new company at the par value of $10 per share by paying therefor $1 per share. In July, 1913, Sprague secured 450 shares of stock in the new company by paying $450, and on July 10, 1913, in writing and under seal, assigned this stock with other personal property to Palmer as additional security for the $2,500 note. On November 11, 1913, Sprague and wife conveyed to Palmer the mortgaged premises, except the homestead, and two village lots not included in the mortgage.

November 15, 1913, Palmer executed to Sprague an agreement, in writing and under seal, to reconvey the various parcels of real estate and the various items of personal property to Sprague upon the payment by him of certain sums therein specified. Upon the death of said Burr Sprague said Palmer deeded to the administratrix of the estate of said Sprague, deceased, certain parcels, if not all, the real estate deeded to him by Sprague under date of November 11, 1913, and assigned to her the 450 shares of the capital stock of the United Agency, it being agreed that the administratrix was to convert all of said property into money and to pay the avails thereof to the said Newton N. Palmer in liquidation of the said Sprague indebtedness. A considerable portion, if not all, of the said property was sold by the administratrix, she realizing from the sale of the United Agency stock the sum of $3,400.

*Elizabeth Martin* filed her claim against Sprague's estate in the county court and claimed a preferential lien upon the United Agency stock and the proceeds arising from a sale thereof. Palmer also filed his claim against the estate, likewise claiming a preferential lien upon the said United Agency stock and the proceeds arising from a sale thereof. *Elizabeth Martin's* claim was first tried. The attorney for Newton N. Palmer appeared at the hearing and objected to a judgment according her a preference or lien upon the funds arising from a sale of the United Agency stock.

The county judge made and filed findings of fact and conclusions of law in which he found that *Elizabeth Martin* was not entitled to a lien on the proceeds of the sale of the said United Agency stock and entered judgment in favor of *Elizabeth Martin* for the amount of her claim, in which it was ordered and adjudged that the claim for preference and lien made by *Elizabeth Martin* against the United Agency stock be denied. As a conclusion of law the court found in the *Elizabeth Martin* case that the "turning over to Newton Palmer of the 450 shares of stock in the United

Agency as security or collateral for the debt against Burr Sprague was an illegal transaction and void, and, he having returned this stock to the executrix to sell, he had no preference or lien upon the said stock or the proceeds thereof."

Upon the hearing of the claim of Newton N. Palmer against the estate of Burr Sprague, deceased, *Elizabeth Martin* objected to the allowance to the said Palmer of a lien on the 450 shares of United Agency stock or the avails thereof. Upon the trial of that issue the county court allowed Newton Palmer the amount of his claim against the estate, but denied the lien claimed on the United Agency stock or the avails thereof. As already stated, the administrator of the estate of Newton N. Palmer appeals from that part of the judgment disallowing the claim for lien upon the United Agency stock.

For the appellant there were briefs by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *M. O. Mouat*.

For the claimant and respondent *Martin* the cause was submitted on the brief of *J. D. Dunwiddie* of Monroe.

OWEN, J. It is contended in this court that the county court properly disallowed Palmer's claim for lien on the United Agency stock, for two reasons: first, that there was no consideration for the assignment of July 10, 1913, by which Sprague assigned to Palmer the 450 shares of United Agency stock as additional collateral security for the $2,500 note executed November 15, 1912, and which was then held by Palmer; second, that the judgment of the county court in the matter of the claim of *Elizabeth Martin* against the estate of Burr Sprague is *res adjudicata* upon the question here involved. We will treat these contentions in their order.

To the point that there was no consideration for the assignment by Sprague to Palmer of the United Agency stock July 10, 1913, respondent relies upon the provisions of sec.

1675—51, Stats., as it then existed, which provided that the "indorsement or delivery of negotiable paper as collateral security for a pre-existing debt, without other consideration, and not in pursuance of an agreement at the time of delivery, by the maker, does not constitute value." The application of that provision of the law to the transaction is not apparent. The property delivered as additional security for the pre-existing debt was not negotiable paper, hence does not come within the provision relied upon. The assignment of the United Agency stock was in writing and under seal. It is recited therein that it was given "for a good and valuable consideration to me in hand paid by Newton N. Palmer, the receipt whereof is hereby acknowledged." This constitutes presumptive evidence of a sufficient consideration, even though the security of past indebtedness be no consideration. Sec. 4195, Stats.; *John A. Tolman & Co. v. Infusina*, 170 Wis. 433, 175 N. W. 916. There was no evidence in this case to rebut the presumption thus raised, and it must be held upon the record that the assignment was supported by a sufficient consideration.

The contention that the judgment of the county court in the matter of the claim of *Elizabeth Martin* against the estate of Burr Sprague, deceased, is *res adjudicata* upon the rights of the claimant herein, cannot be sustained. The right of the present claimant to a lien upon the proceeds of the United Agency stock was not there in issue. The only issue there under consideration was whether *Elizabeth Martin* was entitled to a lien upon the United Agency stock or its proceeds. Every creditor of the estate of Burr Sprague had an interest in the denial of the lien. It was proper for them to appear and oppose its allowance. This Palmer did. If during the proceedings his attorney asserted, *arguendo,* that not only *Elizabeth Martin* was not entitled to a lien on the stock but that Palmer was, the court acquired no jurisdiction to determine the question of whether Palmer had a lien on the stock. The judgment rendered upon that

claim was conclusive only upon the issues there presented, which involved only the right of *Elizabeth Martin* to a lien or preference upon this stock. No judgment rendered upon that claim could affect the right of the present claimant to a judgment against the estate for the amount of his indebtedness or to a lien upon the property in controversy. The principles dictating this conclusion are too fundamental to justify the citation of authority.

For a good and sufficient consideration Sprague, in his lifetime, assigned to Palmer the United Agency stock as collateral security for his indebtedness. Our attention is called to no act on the part of Palmer by which his lien upon the stock for such security has been released. In fact we do not understand that it is so contended. His claim for a lien is opposed rather on the ground that he never acquired any legal right to the security. It appearing that the stock was legally assigned to him and that such assignment was supported by a sufficient consideration, nothing remains to be considered. The county court erred in disallowing the claim for a lien upon the proceeds of the sale of the United Agency stock as claimed.

The executrix of the estate made no appearance in this court, and *Elizabeth Martin* seems to be the principal, if not the sole, objector to the allowance of the lien. The appellant should be allowed costs against *Elizabeth Martin* and no costs should be taxed against the estate.

*By the Court.*—Judgment reversed, and cause remanded to the county court with instructions to enter judgment allowing the claimant's claim for a lien upon the proceeds of the United Agency stock. Costs to be taxed as indicated in the opinion.