ESTATE OF MENZNER: MENZNER, Administratrix, Appellant, vs. MARATHON COUNTY BANK, Respondent.

*February 8—March 9, 1926.*

*Guaranty of payment: Consideration: Renewal of note: Delay in enforcing payment: Evidence: Transaction with deceased person: Waiver of objection: Sufficiency of objection.*

1. To give validity to an agreement guaranteeing the payment of an existing indebtedness of the principal on a note there must be a new consideration moving either to the maker or the guarantor of the note, or to both, or a detriment to the payee; and an extension of the time of payment is a sufficient consideration for the promise of the guarantor on the note. p. 341.
2. The guaranty of payment in this case is *held* absolute, not collateral, and has the same binding effect as the promise of the principal obligor. p. 341.
3. Where the guarantor was notified by the claimant bank of his liability on the note after its maturity, and stock pledged as collateral was sold and applied on the note, delay in enforcing payment on the note until after the death of the guarantor did not release him or affect his liability on the note. p. 342.
4. Objections which the administratrix of the estate of the guarantor may have had to the competency of the cashier of the bank to testify to transactions with deceased were waived by examining the cashier adversely. p. 342.
5. An objection by the administratrix to certain testimony of the cashier by stating "I object to that," does not raise the question of the competency of the witness to testify to transactions with the deceased; and testimony by the cashier as to a clerical error in a letter written by him ·to the deceased does not involve such a transaction. p. 343.

APPEAL from a judgment of the county court of Marathon county: M. C. PORTER, Judge. *Affirmed.*

Appeal from a judgment allowing a claim against the estate of the deceased on a note given by Charles Gill, dated February 28, 1922, "the payment" of which was guaranteed by deceased. This guaranty waived "demand, notice of nonpayment, and protest."

The note in question was the renewal of an existing indebtedness due the *Marathon County Bank* which was not guaranteed by the deceased. The maker signed the note some days prior to the time when the deceased signed the guaranty upon the back of the note. The bank, however, refused to accept the new note or to enter it on its books or to surrender the old note until deceased had signed the guaranty. The note was not paid at maturity. No attempt was made to enforce payment of the note until this claim was filed against the estate of the deceased.

For the appellant there was a brief by *A. W. Prehn,* attorney, and *F. E. Bachhuber,* guardian *ad litem,* both of Wausau, and oral argument by *Mr. Prehn.*

*E. P. Gorman* of Wausau, for the respondent.


STEVENS, J.    The law is well settled that there must be a new consideration moving either to the maker or the guarantor of a note, or to both, or a detriment to the payee of the note, in order to give validity to an agreement guaranteeing the payment of an existing indebtedness of the principal. *John A. Tolman & Co. v. Infusina,* 170 Wis. 433, 435, 175 N. W. 916; *Bank of Commerce v. Ross,* 91 Wis. 320, 324, 64 N. W. 993.

It is equally well settled that an extension of the time of payment is a sufficient consideration for the promise of a guarantor. 21 Ruling Case Law, 960. A promise to extend time of payment is a "disadvantage to the party giving the time; and disadvantage on the one side, as well as advantage on the other, has ever been held a good consideration." By such agreement the one granting the extension deprives "himself of the means, which the law afforded him, to coerce the collection of his debt." *Pulliam v. Withers,* 8 Dana (Ky.) 98, 33 Am. Dec. 479, 481.

The guaranty here in question was an absolute guaranty of payment, not merely a guaranty of collection. Guaran-

ties of payment "are absolute, not collateral promises. . . . Unlike the contract of an indorser, there is no condition as to demand and notice of default annexed to a contract of guaranty of payment or of performance. Such a guaranty is an absolute promise that the principal will perform in accordance with the provisions of his contract. It is as absolute in respect to such performance as the promise of the principal; hence it is the business of the guarantor to inform himself as to the conduct of his principal, and, in an action against the former, the facts essential to a recovery are just the same as in respect to the latter." *Hubbard v. Haley,* 96 Wis. 578, 589, 71 N. W. 1036.

In the case at bar the bank did actually send notices to the deceased, and the deceased went to the bank to confer with it about his liability upon the note. After the maturity of the note, stock which had been pledged as collateral was sold and applied upon the note. The delay in enforcing payment on the note did not release deceased or in any way affect his liability on the note.

The appellant waived the objection to the competency of the cashier of the claimant bank to testify to transactions with the deceased by examining him as to such transactions as an adverse party. Jones, Ev. § 781. No objection was made to any answer of the witness except that in which the cashier stated that the deceased agreed from time to time after the maturity of the note to pay the same. This answer, which should be stricken out as not responsive, has been disregarded by the court in arriving at its decision.

The personal representative of the deceased introduced a letter from the cashier of the claimant bank written to the deceased in which he referred to the note here in question as one "which I am personally indorsing." The cashier testified that this phrase was inserted through a clerical error and that it should have read, "which you are personally indorsing." To this testimony the personal representative in-

terposed the objection: "I object to that." This form of objection does not raise the question of the competency of a witness to testify to transactions with deceased persons. But if proper objection had been made, the testimony should have been received because it did not involve a transaction with a deceased person. *Daniels v. Foster,* 26 Wis. 686, 691.

The court finds no error in the exclusion of any testimony of the maker of the note. The facts were fully presented and are not in controversy.

*By the Court.*—Judgment affirmed.