O'NEIL, Respondent, vs. RUSSELL, Appellant.

*January 11—February 8, 1927.*

*Guaranty: Statute of frauds: Agreement to pay note of another: Independent obligation on negotiation of note: Amount of recovery: Right of guarantor to subrogation to collateral securing debt: Tender of collateral not condition precedent to action: When subrogation arises: Pleading: Issue as to genuineness of signature: How raised: Evidence: Sufficiency.*

1. In an action on the guaranty of a note secured by a mortgage, the issue that the letter containing the guaranty was not admissible in evidence because it was not proved that the letter was signed by the defendant cannot be raised where the genuineness of the signature was not put in issue by being specifically denied by oath, affidavit, or pleading, as required by sec. 328.25, Stats. p. 143.

2. It is *held,* however, that even if the question were in issue, the testimony of plaintiff that he knew defendant's signature and that the guaranty was signed by him is sufficient to sustain the finding of the court. p. 143.

3. Where the action was based on an original obligation on the part of the guarantor in consideration of the purchase of the note, which constituted a new consideration entirely independent of that which was the basis of the obligation of the maker to pay the note, the guaranty was not void because it did not

express a consideration as required by sub. (2), sec. 241.02.
Stats., since the action was not upon an agreement to answer
for the debt, default, or miscarriage of another.  p. 143.

4. Where the guaranty was secured by a mortgage conditioned to
pay the interest and principal at maturity, recovery of the full
amount of the guaranty was not excessive, though the note
was not due, where, under the express terms of the note and
mortgage, the obligation guaranteed was matured by an elec-
tion to declare the whole amount due for default in the pay-
ment of interest.  p. 144.

5. A judgment allowing recovery for the full face of the note was
not erroneous because of failure to require an assignment by
plaintiff to defendant of the note and security, the action being
at law for damages and not one for rescission or equitable re-
lief.  p. 144.

6. Upon payment of the money judgment entered on the guaranty,
defendant would be entitled to be subrogated to the security
held by the plaintiff against the principal debtor.  p. 144.

7. A tender of the note and mortgage to defendant was not a con-
dition precedent to the maintenance of an action to recover
judgment on the guaranty.  p. 144.

8. Subrogation is an equitable right which does not arise until pay-
ment has been made, one of the first essentials to the enforce-
ment of such right being proof of the payment of the debt.
p. 144.

APPEAL from a judgment of the circuit court for Wash-
ington county: C. M. DAVISON, Circuit Judge.  *Affirmed.*

Action at law by *Joseph O'Neil* against *Edward F. Rus-
sell,* based upon a written guaranty.  From a judgment for
plaintiff defendant appeals.

Defendant *Russell,* who was a dealer in securities, wrote
to the plaintiff offering to sell him a note for $1,500 secured
by a mortgage on Dakota lands, saying: "The mortgage
comes to me guaranteeing the payment of interest and princi-
pal at maturity, so I will do the same for you."  The note
and mortgage were in the possession of the defendant and
the purchase was made by a check for $1,500 payable to
defendant's order.  Both the note and the mortgage con-
tained a provision that the whole amount of principal and
interest should become due at the election of the legal owner
of the same if there was any default in the payment of

interest. After default in the payment of two annual instalments of interest, plaintiff served notice of election to declare the whole principal sum due. Thereafter this action at law was brought upon the guaranty and judgment was entered against the defendant for the sum of $1,500 and interest.

The cause was submitted for the appellant on the brief of *Lockney & Lowry* of Waukesha, and for the respondent on that of *Sawyer & Gehl* of Hartford.

STEVENS, J. The appellant presents four grounds for the reversal of the judgment:

First. That the letter containing the guaranty was not admissible in evidence because it was not proven that the letter was signed by the defendant. The genuineness of this signature was not put in issue by being specifically denied by oath, affidavit, or pleading duly verified as required by sec. 328.25 of the Statutes. But even if this issue had been properly raised, the proof is sufficient to sustain the finding of the court. The plaintiff testified that he knew defendant's signature and that the guaranty was signed by the defendant.

Second. That the guaranty was void because it did not express a consideration as required by sub. (2) of sec. 241.02 of the Statutes. This objection is based upon the erroneous assumption that this action was upon an agreement to answer for the debt, default, or miscarriage of another person. This action was based upon an original obligation on the part of the guarantor in consideration of the payment of $1,500 to the defendant. This payment constitutes a new consideration entirely independent of that which was the basis of the obligation of the maker to pay the note. Although the promise is in the same form as it would have been if it had been based on the original consideration and made to answer for the debt, default, or miscarriage of another, "yet it is made upon a new and original consideration moving between the creditor and the

party promising, in an independent dealing between them entered into by the promisor for his own benefit, and in which the original debtor has no interest. It is this element of benefit to the promisor which constitutes the promise new and original in that sense which takes the case out of the statute." *Wyman v. Goodrich,* 26 Wis. 21, 22, 23.

Third. That the recovery is excessive; that because the note was not due, recovery should have been limited to the amount of interest due when the action was begun. The guaranty was by its terms one to pay "interest and principal at maturity." The question of when the obligation matures must be determined from the terms of the note and mortgage. Under the express terms of both the note and the mortgage the obligation guaranteed was matured by the election to declare the whole amount due for default in the payment of interest.

Fourth. That the judgment was erroneous in that it did not require plaintiff to assign the note and mortgage to the defendant. This is an action at law for damages, not one for rescission or other equitable relief. The court properly confined the relief granted to a money judgment. The law unquestionably is that upon the payment of this judgment the defendant will be entitled to be subrogated to the security held by the plaintiff against the principal debtor. But it is not necessary for the plaintiff to tender the note and mortgage to the defendant in order to entitle him to maintain an action to recover judgment on the guaranty. Subrogation is an equitable right which does not arise until payment has been made. "One of the very first essentials to the enforcement of the right of subrogation is proof of the payment of the debt. Until that is done the right of subrogation is a mere inchoate right and cannot be enforced." *Defiance Machine Works v. Gill,* 170 Wis. 477, 483, 175 N. W. 940.

The tender of an assignment of the note and mortgage or an assignment of the same to the defendant was not a condition precedent to the right to recover judgment in this action.

*By the Court.*—Judgment affirmed.