Kasten, Respondent, vs. G. A. Zuehlke Mortgage Loan Company, Appellant.

*December 5, 1933—January 9, 1934.*

556

·For the appellant there was a brief by *Krugmeier & Witmer* of Appleton, and oral argument by *Joseph Witmer.*

For the respondent there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Abraham Sigman.*

FOWLER, J. The defendant appeals from an order overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The main contention of the appellant is that the indorsement is not a guaranty of payment but a guaranty of collection. The specific provision that the defendant "guarantees the payment" of the note "at maturity or at any time thereafter, with interest at five per cent. per annum until paid," clearly makes the guaranty one of payment. This is an absolute promise to pay the note. *Estate of Menzner,* 189 Wis. 340, 207 N. W. 703; *O'Neil v. Russell,* 192 Wis. 141, 212 N. W. 278.

The appellant claims that taking the language of the indorsement as a whole, an intention to guarantee collection rather than payment is disclosed. The principal ground for this claim is the provision that the defendant would "pay all costs and expenses paid or incurred in collecting" the note. We do not see that this provision is inconsistent with the promise to pay the note first made. It is only an agreement in addition to the promise of payment to the effect that if the holder incurs any expenses or costs in an effort to collect the note it will pay them also. *Kahn v. Eisenberg,* 97 N. Y. Supp. 959. It is also urged that the waiver of de-

mand, interest, etc., negatives the idea of guaranty of payment. The note in *Estate of Menzner, supra,* contained a like provision.

Objection is made to the sufficiency of the complaint because it is not alleged that the note and mortgage were tendered to defendant prior to the commencement of the action. This was not necessary. The action is at law for recovery of damages, not in equity for rescission. The plaintiff is entitled to hold the note and mortgage until the defendant pays. *O'Neil v. Russell, supra.*

Appellant contends that the plaintiff does not show that the note is due under the agreement for extension of the time of payment to five years from the original due date. But this extension was expressly "upon condition that the interest (on the note) is promptly paid at the end of each six months." The complaint alleges two defaults of such interest payments. This voids the extension of the due date. Were this not so, the note contains a provision for declaring the whole amount due at the option of the holder upon a default of payment of any interest. The two defaults in interest payments gave the plaintiff the option to accelerate the extended due date. There is no express statement in the complaint that the plaintiff exercised this option, but the complaint states that "on account of the several material breaches of said agreement (of extension) . . . the plaintiff . . . made demand upon . . . (defendant) to pay the principal and accrued interest." Giving to the plaintiff the benefit of the rule that in construing a pleading every reasonable intendment should be made in favor of the pleader, we think the statement quoted implies that the plaintiff exercised his option to accelerate.

The defendant urges that the agreement to buy back the note was not binding on the defendant after the note became due. If this be so, it is immaterial if the indorsement constitutes a guaranty of payment, and we hold that it does.

*By the Court.*—The order of the circuit court is affirmed.