Singer, Appellant, vs. General Accident, Fire & Life Assurance Corporation, Ltd., Respondent.

*September 13—December 3, 1935.*

For the appellant there were briefs by *Leslie G. Keller* and *Gold & McCann,* attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Ray T. McCann* and *Mr. Keller.*

For the respondent there was a brief by *Charles F. Millmann,* attorney, and *Lines, Spooner & Quarles* of counsel, all of Milwaukee, and oral argument by *Charles B. Quarles.*

The following opinion was filed October 8, 1935:

WICKHEM, J.   Plaintiff sued defendant upon an accident insurance policy issued by the defendant on February 9, 1929, to recover loss occasioned by an injury sustained on November 21, 1931.   Plaintiff claimed total disability under the policy, from the date of the injury to January 4, 1932, and partial disability under the policy for fifty-two weeks thereafter.   Defendant admitted liability for $214.28, but disputed the period of disability claimed by plaintiff.   Defendant further pleaded that on November 15, 1932, a full settlement was arrived at between plaintiff and defendant, by the terms of which plaintiff executed a release to defendant of all liability under the policy.   The release was executed by plaintiff under seal, and reads in part as follows:

"Now, therefore, I do hereby offer to accept, do accept, and hereby acknowledge receipt of the sum of $282.14 in consideration of which I do hereby . . . release and forever discharge the said corporation from any and all liability . . . under . . . said policy."

The release was delivered to defendant's agent, but for some reason the money was not paid.   After waiting ninety days for the money, plaintiff wrote defendant's agent, and stated that, unless this money was paid within a week, he proposed to rescind and demand return of the release.   In reply to that letter, on February 17, 1933, the defendant's agent stated that it would issue to him two drafts, one for

$228.14 and the other for $54.40, on condition that plaintiff indorse the second draft to the agent for some premiums alleged to be due on the policy. On March 23, 1933, over four months after the execution of the release, plaintiff again wrote to defendant's agent rescinding the release and demanding its return. Thereafter defendant's agent sent a draft for full consideration of the release, which plaintiff refused to accept and which he promptly returned.

The question presented is whether one who has executed under seal a release of a cause of action for the purpose of compromising a dispute may rescind the contract of release upon a breach constituting a failure of consideration. At the outset there is a question of interpretation. It is clear that an accord without a satisfaction is wholly inoperative. *Sieber v. Amunson,* 78 Wis. 679, 47 N. W. 1126. It is equally clear that the release of the cause of action in consideration of a new executory promise to pay is good and results in the immediate discharge of the old cause of action. *Palmer v. Yager,* 20 Wis. * 91, 97. However, the likelihood of a person releasing a present cause of action merely for the purpose of getting a new cause of action in the form of a new promise is so slight as to require clear evidence that this was the party's intention. It was intimated in the *Palmer Case* that the intention to accept future performance of a promise in return for a present release must expressly appear in the release.

A consideration of the language of the instrument and the circumstances of its execution can lead only to the conclusion that immediate payment was contemplated and that the consideration for the release was the payment and not the promise to pay. It is equally clear that the delivery of the release was not conditional. It may also be taken as fully established that there was a breach by the insurance company, and that this breach constituted such a material breach and such a failure of consideration as would warrant rescission of a

simple contract of release. The trial court took the view that, since this was an instrument under seal, the true consideration could not be inquired into for the purpose of defeating the instrument, citing *Jost v. Wolf*, 130 Wis. 37, 110 N. W. 232; *Bibelhausen v. Bibelhausen*, 159 Wis. 365, 150 N. W. 516; *Bradley Bank v. Pride*, 208 Wis. 134, 242 N. W. 505. We are of the opinion that the ruling was correct. An executed contract under seal conclusively imports consideration, and is to be distinguished from an executory contract, with respect to which sec. 328.27, Stats., provides that a seal shall be merely presumptive evidence of consideration. Evidence tending to show the true consideration and its failure is necessarily immaterial when offered in support of the right to rescind. The conclusive presumption of consideration, or, somewhat more realistically stated, the fact that no consideration is required for its validity, compels this conclusion. This doctrine has been squarely laid down in the *Bibelhausen, Bradley Bank,* and *Jost Cases,* heretofore cited. In the latter case this court said, with reference to a deed:

"In our ordinary deeds of conveyance the recital that there has been paid a consideration, and what that consideration was, is merely a statement of a fact theoretically necessary to exist in order that the conveyance might take effect, but which early became practically a mere immaterial fiction by reason of the rule that the grantor's seal raised a conclusive presumption of a consideration sufficient to support the instrument. Hence one cannot deny existence of some consideration in order to defeat the conveyance."

The court there held that the true consideration may be shown "so long as it is not inconsistent with the existence of some consideration to support the conveyance."

Sec. 328.27 was taken from sec. 840 of the New York Code of 1877. The decisions of the New York court of appeals hold that its effect is to reduce the presumption of consideration to a rebuttable one only in the case of executory contracts, and that other contracts, such as releases, when un-

der seal "continue to be conclusive evidence of a sufficient consideration." *Gray v. Barton,* 55 N. Y. 68, 14 Am. Rep. 181; *Ryan v. Ward,* 48 N. Y. 204, 8 Am. Rep. 539; *Stiebel v. Grosberg,* 202 N. Y. 266, 95 N. E. 692.

Several Wisconsin cases are cited by the plaintiff as recognizing that a seal is merely presumptive evidence of consideration. *Smith v. Wood,* 12 Wis. * 382; *John A. Tolman & Co. v. Infusina,* 170 Wis. 433, 175 N. W. 916; *Giblin v. Giblin,* 173 Wis. 632, 182 N. W. 357; *Merrill v. Focht,* 172 Wis. 575, 179 N. W. 813; *St. Thomas Gemeinde v. St. Matthews Church,* 191 Wis. 340, 210 N. W. 942. The cases of *Smith v. Wood* and *John A. Tolman & Co. v. Infusina, supra,* both dealt with executory contracts, and are not in point. *Giblin v. Giblin* and *Merrill v. Focht, supra,* deal with deeds. In the *Giblin Case* the court said:

"The deeds recite a consideration, are under seal, and in the absence of evidence that there was no consideration one is presumed."

In the *Merrill Case* the court said:

"There was no evidence in this case to rebut the presumption thus raised, and it must be held upon the record that the assignment was supported by a sufficient consideration."

Neither case involved such a question as is here presented, and neither case is to be taken as establishing that upon a grant or release there is merely a presumption of consideration arising from the presence of a seal.

While the court, in the *St. Thomas Gemeinde Case,* involving a deed executed by a church corporation, indicates that there could be a rescission if there was a failure in the accomplishment of the dominant purpose of the deed, for the reason that there would then be no consideration for the conveyance, the case cannot be considered as an authority against the position here taken, for the reason that there is no discussion or consideration in the case of the fact that the deed

was executed under seal, and for the further reason that the determining factor in the case was the want of power on the part of the corporation to execute the deed. It being determined that the contract was *ultra vires* the corporation grantor, rescission was based upon that fact.

In view of the foregoing conclusions it follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on December 3, 1935.