Joseph A. Perkins, L. J. Cushman, and J. P. Marchant, Miami, Fla., for appellant.

**MOYNIHAN v. ELLIOTT et al.**

**No. 14471.**

United States Court of Appeals Fifth Circuit.

March 31, 1954.

Benjamin E. Carey and J. C. Sullivan, Miami, Fla., for appellees.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

On former appeal, 5 Cir., 195 F.2d 363, this Court sustained federal jurisdiction of the action as based upon the new promise contained in an extension agreement to pay the indebtedness evidenced by three promissory notes totalling $13,333.33 and the interest thereon. The appellant, plaintiff below, contends that the extension agreement served also to relieve the claim from the bar of the Florida twenty-year statute of limitations.[1]

The extension agreement, or agreement for extension as it is termed by the

1. Section 95.11, Florida Statutes Annotated reads in part as follows:
"Actions other than those for the recovery of real property can only be commenced as follows:

"(1) Within twenty years.—An action upon a judgment or decree of a court of record in the State of Florida, and an action upon any contract, obligation, or liability founded upon an instrument of writing under seal."

appellee, was dated May 19, 1927, recited that the indebtedness had then matured, and, with emphasis supplied, provided in part:

"1. That time for payment of the aforesaid principal mortgage indebtedness to-wit: The sum of Thirteen Thousand, Three Hundred and Thirty-three Dollars and Thirty-four cents, be and the same is hereby extended to and until July 25, 1930, *on the condition hereinafter stated.*

"2. That interest on the aforesaid indebtedness became due on January 25, 1927, and that interest thereon shall continue at the rate of eight per cent per annum, payable semi-annually, and it is understood and agreed that on said date there became due the sum of $533.34 for interest to Jan. 25, 1927, which sum the first party agrees to pay on or before July 1, 1927; the aforesaid extension being granted with the distinct understanding and *on the condition that said sum is paid on or before said date.*

"3. That for said extension of time the said second party hereby binds and obligates himself to pay to the first party the sum of Five Hundred Dollars, and it is mutually agreed that said sum is added to, and hereby made a part hereof, of said principal indebtedness making the total principal indebtedness Thirteen Thousand, Eight Hundred and Thirty-three Dollars and Thirty-four Cents.

"4. That the aforesaid mortgage and notes are hereby modified as to time of payment, as hereinabove set forth, *on the condition stated only,* but shall remain in full force and effect in all other respects and particulars."

No payment of interest or principal was made on or before July 1, 1927, or thereafter. The plaintiff nevertheless delayed for more than twenty years, and until January 12, 1948, before filing suit. By the date of trial, October 13, 1952, the amount of the indebtedness with accrued and compounded interest had increased from the original $13,333.33 to $105,698.36, in addition to which the plaintiff sought to recover attorney's fees testified to in the amount of $25,000.00, or a total of $130,698.36.

The trial resulted in a verdict and judgment for the defendant, but upon a claimed defense other than the statute of limitations. We forego discussion of that defense, and of other claimed defenses, because we are of the clear opinion that the statute of limitations specially pleaded barred the claim, and hence, that the judgment must be affirmed.

The time for payment was not unqualifiedly extended, but only as three times expressly stated, "on the condition" that the accrued interest be paid on or before July 1, 1927. That condition was never fulfilled. The courts are not in agreement as to the effect of an *acceleration* clause, positive rather than optional in terms. See Annotation 34 A. L.R. 897; 161 A.L.R. 1211; cf. Travis Co. v. Mayes, 160 Fla. 375, 36 So.2d 264. There seems to us less room for difference of opinion as to the effect of the breach of an express condition. The plaintiff did not plead,[2] nor did she prove, that the condition had been waived. Mere forbearance to institute suit did not show that the condition had been waived, for it might have been insisted on at any time between July 1, 1927 and July 25, 1930. See 10 C.J.S., Bills & Notes, § 269. The condition having been breached on July 1, 1927, the agreement for extension became ineffective, and suit might have been instituted at any time after that date. See Kasten v. G. A. Zuehlke Mortg. Loan Co., 213 Wis. 555, 252 N.W. 162; City Loan & Trust Co. v. Sterner, 57 Tex.Civ.App. 517, 124 S.W. 207; 10 C.J.S., Bills & Notes, § 277; 8 C.J., Bills & Notes, § 651. The extension agreement could not

---

2. See Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

be revived over twenty years later to relieve the promise of the bar of the statute of limitations. The judgment is, therefore,

Affirmed.