SULLIVAN *v.* STATE.

Opinion delivered April 14, 1894.

*Surety—Discharge by creditor's neglect.*

Where a county treasurer loaned money belonging to the school fund as directed by Mansf. Dig. sec. 6288, and took a mortgage of real property sufficient to secure the note taken by him, but neglected to file it for record until it became worthless as a security by reason of the prior filing of a second mortgage, a surety of the borrower is exonerated from all liability to pay the note.

Appeal from Scott Circuit Court in Chancery.

EDGAR E. BRYANT, Judge.

Action by the State for the use of the sixteenth section school fund against J. O. A. Sullivan. The facts are stated in the opinion.

The appellant *pro se.*

1.   The failure of the treasurer to file his mortgage for record released the surety.   34 Ark. 80.

*James P. Clarke*, Attorney General, for appellee.

BATTLE, J.   According to the abstract of appellant, which is not controverted by the appellee, the facts in this case are, in part, as follows:

"On the 9th of January, 1885, H. E. Collum executed his note to T. M. Evart, treasurer of Scott county, for the sum of one hundred dollars, payable one year after date, with 10 per cent. interest, with J. O. A. Sullivan as his surety. The money for which the note was given was part of the sixteenth section school fund, and was loaned as directed by section 6288 of Mansfield's Digest. On the same day (January 9th, 1885), and at the same time, Collum, in order to better secure the payment of the note, and in order to comply with the law, executed his mortgage to the treasurer for the following described real estate: Beginning at the SW. corner of a certain lot of land owned by William B. Turman, immediately south of the town of Waldron, running thence south 45 yards; thence east 70 yards; thence north 45 yards; thence west 70 yards to the beginning.

" Although the mortgage was executed and delivered to the treasurer on the 9th day of January, as stated, he failed and refused to have the same recorded, or to file the same for record, until the 25th day of March following.

"On the 17th day of March, 1885, H. E. Collum executed to George H. Lyman a mortgage on the same property, for the expressed consideration of five hundred dollars. This mortgage was filed for record on the 23rd day of March, 1885, two days previous to the filing of the mortgage executed by Collum to the county treasurer.

" At the maturity of the second mortgage the land was sold to Green, in accordance with the terms of the mortgage, for the sum of five hundred and seventy-five dollars, that being the amount of interest and principal."

The value of the property mortgaged to the county treasurer greatly exceeded the amount due on the note of Collum and Sullivan.

At the commencement of this action Collum was insolvent, and a non-resident of this State.

A decree was rendered by the court below, in chancery sitting, in favor of the plaintiff, the appellee, against Sullivan, the appellant, for the full amount of the Collum note, and Sullivan appealed.

When Collum executed the mortgage to secure the note executed by him, as principal, and Sullivan, as surety, it was the duty of the county treasurer to file the same for record, in order to preserve the security which he had thereby acquired. Having failed to do so until some time after its execution, and until it had become worthless as a security by reason of a second mortgage being filed prior to it, he should suffer the loss occasioned thereby; and Sullivan should be exonerated from all liability to pay the note, the value of the land mortgaged exceeding the amount due on the same. *Grisard* v. *Hinson*, 50 Ark. 229; *Hubbard* v. *Pace*, 34 Ark. 80; *Burr* v. *Boyer*, 2 Neb. 265; *Wulff* v. *Jay*, 7 Q. B. 756; *Straton* v. *Rastall*, 2 Durn. & East, 366; *Teaff* v. *Ross*, 1 Ohio St. 469; *Capel* v. *Butler*, 2 Sim. & Stu. 457; 2 Brandt on Suretyship and Guaranty (2nd Ed.), sec. 445.

The decree of the court below is, therefore, reversed, and the complaint is dismissed.