Swift & Company, Appellant, vs. Geraghty and another, Respondents.

*June 4—June 24, 1929.*

330·

For the appellant there was a brief by *Simmons, Walker & Wratten,* and oral argument by *Harold J. Sporer,* all of Racine.

For the respondents the cause was submitted on the brief of *Foley, Brach & Colbert* of Racine.

ROSENBERRY, C. J.   In the briefs and on the oral argument the plaintiff waives any right of recovery on account of the 1926 consignment and seeks recovery only for the

1925 account amounting to $115.35. The negotiations out of which it is claimed accord and satisfaction arose were had by the representative of the plaintiff· with the attorneys of the defendants. We have read the testimony of the attorneys for the administratrix and find nothing therein to support a finding that the transaction amounted to an accord and satisfaction. What the representative of the plaintiff sought and what the representative of the estate consented to was that the plaintiff be put in possession of the goods and accounts which under the contract belonged to it, the title to which was then in the plaintiff. There is testimony to the effect that the representatives of the administratrix supposed that the matter was to be settled, but no testimony showing that an agreement to that effect was entered into, and if such an agreement had been shown it was wholly without consideration and therefore of no effect. It is equally apparent that the contract entered into by the defendants made them primarily liable. They guaranteed performance of the contract and payment of any amount due to the plaintiff. Within the rule of a long line of cases the contract in question created a primary liability. *Hubbard v. Haley,* 96 Wis. 578, 71 N. W. 1036; *Estate of Menzner,* 189 Wis. 340, 207 N. W. 703.

The liability of the defendants being that of principals, it was not affected by the failure of the plaintiff to file a claim against the estate of J. J. Goebel. This question does not seem to have been passed upon directly by this court. It is ruled in principle, however, by *Loverin & Browne Co. v. Travis,* 135 Wis. 322, 115 N. W. 829, where it is held that no efforts to collect from the debtor are necessary before enforcing the liability of the guarantor where the guaranty is one of payment and not of mere collection. The question is ruled directly, however, by the following cases in other courts: *Minter v. Branch Bank of Mobile,* 23 Ala. 762, 58 Am. Dec. 315; *Bull v. Coe,* 77 Cal. 54, 18 Pac. 808; *Hall*

*v. Ochs,* 34 App. Div. 103, 54 N. Y. Supp. 4; *Villars v. Palmer,* 67 Ill. 204; *Willis v. Chowning,* 90 Tex. 617, 40 S. W. 395. See, also, 28 Corp. Jur. p. 974; 12 Ruling Case Law, p. 1089.

*By the Court.*—Judgment reversed, and cause remanded with directions to the trial court to enter judgment in favor of the plaintiff and against the defendants in the sum of $115.35 with interest and costs.