### DAUGHTRY et al. v. MARYLAND CASUALTY CO.

#### No. 3112.

Circuit Court of Appeals, Fourth Circuit.

April 13, 1931.

E. A. Bilisoly, of Norfolk, Va. (Tazewell Taylor, Jr., Roland Thorp, and Jas. G. Martin, all of Norfolk, Va., on the brief), for appellants.

J. W. Eggleston, of Norfolk, Va. (Vandeventer, Eggleston & Black, of Norfolk, Va., and Richard Pausch, of Baltimore, Md., on the brief), for appellee.

Before PARKER, Circuit Judge, and WEBB and GLENN, District Judges.

PARKER, Circuit Judge.

This was a suit by materialmen under a contractors' bond. From an adverse decree of the court below they have appealed. The sole question presented by the appeal is whether the claims of materialmen are protected by the bond sued on. The facts are as follows:

Hudson & Scruggs, contractors, entered into a contract with the city of South Norfolk, Va., to do certain paving. The contract provided that they should furnish all the materials necessary for that purpose "at their own proper cost and expense." It contained a provision also that the city council might at any time require of them "full release of all claims for materials or labor furnished" for the work and might withhold payment of any estimate until evidence of such release should be produced. Article 12 of the contract, which is the one of particular importance here, was as follows:

"The contractor further agrees, that they will, and concurrent with this contract, *does* execute a bond in the sum of $75,000.00, in such form and with such sureties as may be approved by the Council of the City of South Norfolk, Virginia, conditioned to indemnify and save harmless the said City of South Norfolk, from all suits, actions, proceedings of every name and description in law or equity brought against said City of South Norfolk, or both, or any officer or officers, agent or servant thereof, for or on account of any injuries or any damages that may be sustained by any person, structure or property, by or from said contractor, his servants or agents, in the prosecution of the work, or from infringement of any patent; or due to, or in consequence of, any negligence or any act or omission of said contractor, their servants or agents *and guaranteeing the faithful performance of this contract and the payment of the laborers' wages, bills for materials, and all expenses incurred by the contractor.*" (Italics ours).

Pursuant to this provision of the contract, a bond was given which recited the execution of the contract and the fact that same was thereto attached. The condition of this bond was as follows:

"The conditions of the above obligation are such that if the said bounden Hudson & Scruggs, Inc., or their successors or assigns, shall well and truly, and in a good, sufficient and workmanlike manner, perform the work mentioned in the aforesaid agreement, in accordance with the terms and provisions therein stipulated, to the satisfaction of the Engineer and the approval of the Mayor and Council and each *and every respect comply with the conditions and the covenants in the aforesaid agreement contained, and shall indemnify and save harmless the City of South Norfolk, Virginia, against and from all suits and actions of every name and description arising out of any claims connected with the work agreed to be performed under the contract, or of any material or materials used upon the said work,* then this obligation to be void; otherwise to remain in full force and virtue." (Italics ours.)

It is the contention of the bonding company that this bond protects only the city; and that, so far as claims for labor and materials are concerned, its only effect is to protect the city against suits and actions for claims thereon. It may be remarked in passing that, if this interpretation be correct, the provision as to claims for labor and materials might well have been omitted; for, as no suit or action thereon is maintainable

against the city, there was no occasion to protect the city against same. Complainants, on the other hand, contend that the contract and bond must be construed together, and that, when so construed, the purpose and intention of the parties in executing them to protect the claims of laborers and materialmen plainly appears.

 It is well settled that where neither the contract nor the bond provides for the payment of labor and material claims, these are not protected, even though there be a statute requiring their protection. And this is true although the contractor is required to furnish the labor and materials at his own cost and expense. U. S., to use of Stallings, v. Starr (C. C. A. 4th) 20 F.(2d) 803, and cases there cited. On the other hand, it is equally well settled that the contract and bond must be construed together, and that, when so construed, if the payment of claims for labor and materials is provided for, same will be held to be within the guaranty of the bond. Maryland Casualty Co. v. Fowler (C. C. A. 4th) 31 F.(2d) 881, 882, 63 A. L. R. 1375; Hartford Accident & Indemnity Co. v. Board of Education (C. C. A. 4th) 15 F.(2d) 317. As said by Chief Justice Stacy in Ideal Brick Co. v. Gentry, 191 N. C. 636, 132 S. E. 800, quoted with approval by us in the Fowler Case:

"The principle is well established by many authoritative decisions, here and elsewhere, that in determining the surety's liability to third persons on a bond given for their benefit and to secure the faithful performance of a building contract as it relates to them, the contract and bond are to be construed together. Mfg. Co. v. Andrews, 81 S. E. 418, 165 N. C. 285, Ann. Cas. 1916A, 763. In application of this principle, recoveries on the part of such third persons, usually laborers and materialmen, though not expressly named therein, are generally sustained where it appears, by express stipulation, that the contractor has agreed to pay the claims of such third persons, or where by fair and reasonable intendment their rights and interests were being provided for and were in the contemplation of the parties at the time of the execution of the bond. [Citing cases]. The obligation of the bond is to be read in the light of the contract it is given to secure, and ordinarily the extent of the engagement entered into by the surety is to be measured by the terms of the principal's agreement."

 In the case at bar, the contract provided that the bond to be given should guarantee, not only the faithful performance of the contract, but also the payment of the bills for labor and materials. This was not left to future action, but the bond was executed concurrently with the execution of the contract and the latter so states, the language being that the "contractor * * * will, and concurrent with this contract does execute a bond * * * guaranteeing * * * the payment of the laborers' wages, bills for materials, and all expenses incurred by the contractor." While it is true, as argued, that the contract was signed by the contractor and not by the surety, it is true also that the contract containing the provision quoted was attached to and made a part of the bond which the surety did sign. In other words, the surety says in the bond, "I am guaranteeing the performance of the contract hereto attached." The attached contract says, "The contractor will give bond guaranteeing the payment of labor and materials and gives it concurrently herewith." Both the surety and the contractor, therefore, gave the bond to the city with the statement in writing attached thereto that same was to be given, and was given, to guarantee payment for labor and materials.

After delivering the bond under the foregoing circumstances, the surety ought not be heard to assert that it does not contain the guaranty which the attached contract stipulated that it should contain. But it is not necessary to resort to the principles of estoppel. The fair and reasonable construction of the provisions of the bond and the contract, when considered together, is that the payment of laborers and materialmen was being provided for and guaranteed. To hold otherwise would deny all force and effect to the provision of the contract (incorporated in the bond by reference and attachment), that the latter should guarantee the payment for labor and materials, would convict the officials of the city of carelessly letting a contract without requiring the security for laborers and materialmen almost universally required in the case of public works not subject to liens, and would place the surety in the unenviable position of inserting in the bond a provision as to labor and materials which was practically meaningless and in the absurd position of executing a bond which did not comply with the terms of a contract and, at the same time, attaching to it the contract containing the statement that the bond was being given pursuant to its terms.

What happened is perfectly clear. The city, not being subject to suit by laborers

and materialmen and its property not being subject to liens in their behalf, provided in its contract for their protection by bond, as is generally required in the case of public works of this character. In giving the bond, the form generally used for the protection of private owners whose property is subject to laborers and materialmen's liens was adopted. This mistake might have been a serious one and left laborers and materialmen absolutely without protection, but for the fact that the contract and the bond referred. to each other, were executed at the same time, and were delivered to the city practically as one instrument. When they are construed together, we think that there can be no question that it was intended by all parties, including the surety, that the bond should guarantee the claims of laborers and materialmen, although the language of the bond, if taken alone, would not be broad enough to cover them.

It is but fair to the learned judge below to say that he felt, as a matter of first impression, that claimants were protected under the bond in question, but felt constrained to hold otherwise because of the interpretation placed by him upon our decision in the case of U. S., to Use of Stallings, v. Starr, supra, 20 F.(2d) 803. We think, however, that he pressed the doctrine of that case too far. We held there that laborers and materialmen were not protected where the payment of their claims was not provided for either in the bond or in the contract which it secured; and we held that this was true even though the contract required that such bond be given and contained a provision that the work be done at the cost and expense of the contractor. In that case, however, the contract in question required in paragraph one thereof that a surety bond be given for the performance of the contract without reference to claims for labor and materials. In paragraph 17, it required merely that the contractors procure and keep in force all such bond or bonds for the protection of the claims of laborers and materialmen as might be required by the laws of the United States. The contractor gave the bond required by the first paragraph, but did not give that required by the seventeenth; and there was no ground for interpreting the bond as given as being intended by the parties to comply with both requirements. Here only one bond was required; but the requirement was that it protect laborers and materialmen as well as the city. The bond sued on was delivered, as we have seen, both by the contractor and by the surety, as a compliance with this requirement; and a copy of the contract was attached reciting that it was so delivered. By no fair and reasonable construction of the bond and contract in the Starr Case could it be said that the parties intended that the bond there in question should protect laborers and materialmen. Here, we think, no other interpretation is reasonably possible.

The decree below will accordingly be reversed, and the cause will be remanded for further proceedings not inconsistent with this opinion.

Reversed.