UNITED STATES, Appellant, v. KLEBE TOOL & DIE COM-
PANY and others, Respondents.

*October 9—November 5, 1958.*

For the appellant there was a brief and oral argument by *Charles E. Lyon* of Elkhorn.

For the respondents there was a brief by *Morrissy, Morrissy, Zastrow & Sweet* of Elkhorn, and oral argument by *Philip B. Morrissy.*

CURRIE, J. The principal issue on this appeal is whether any lack of due diligence of the R. F. C. in proceeding against the principal debtor, or any waiver or release of collateral, had the effect of releasing the Klebes from the guaranty.

The key provisions in the guaranty executed by Mr. and Mrs. Klebe read as follows:

"The undersigned [Carl and Elsie Klebe] hereby grants to Reconstruction Finance Corporation full power, in its uncontrolled discretion . . . to deal in any manner with the liabilities and the collateral, including, but without limiting the generality of the foregoing, the following powers:

"(e) In the event of the nonpayment when due, . . . of any of the liabilities, . . . *to realize on the collateral or any part thereof,* as a whole or in such parcels or subdivided interests as Reconstruction Finance Corporation may elect, . . . *or to forbear from realizing thereon,* all as Reconstruction Finance Corporation *in its uncontrolled discretion* may deem proper, . . .

"The obligations of the undersigned hereunder shall not be released, discharged, or in any way affected, . . . by reason of any action the corporation *may take or omit to take under the foregoing powers.*

"In case the debtor shall fail to pay all or any part of the liabilities when due, whether by acceleration or otherwise, according to the terms of said note, the undersigned, immediately upon the written demand of Reconstruction Finance Corporation, will pay to Reconstruction Finance Corporation the amount due and unpaid by the debtor as aforesaid,

in like manner as if such amount constituted the direct and primary obligation of the undersigned. *Reconstruction Finance Corporation shall not be required,* prior to any such demand on, or payment by, the undersigned, *to make any demand upon or pursue or exhaust any of its rights or remedies against the debtor* or others with respect to the payment of any of the liabilities, *or to pursue or exhaust any of its rights or remedies with respect to any part of the collateral.* The undersigned shall have no right of subrogation whatsoever with respect to the liabilities or the collateral unless and until Reconstruction Finance Corporation shall have received full payment of all the liabilities." (Italics supplied.)

It is clear that the above-quoted provisions made the guaranty one of payment and not of collection. *Schlesinger v. Schroeder* (1933), 210 Wis. 403, 245 N. W. 666; Stearns, Law of Suretyship, Elder's revision (5th ed.), p. 65, sec. 4.5; 24 Am. Jur., Guaranty, p. 886, sec. 17; and 38 C. J. S., Guaranty, p. 1139 *et seq.,* sec. 7. A guarantor of payment, as distinguished from a guarantor of collection, cannot avail himself of the defense that the creditor through negligence, or lack of due diligence, lost or dissipated the collateral furnished by the debtor. *Joe Heaston Tractor & Implement Co. v. Securities Acceptance Corp.* (10th Cir. 1957), 243 Fed. (2d) 196; *Schaffer v. Acklin* (1928), 205 Iowa, 567, 218 N. W. 286; and *Home Savings Bank v. Shallenberger* (1914), 95 Neb. 593, 146 N. W. 993. We also consider that the holding by this court in *Swift & Co. v. Geraghty* (1929), 199 Wis. 329, 226 N. W. 381, to be in point. In that case the guaranty was one of payment and the principal debtor died. The creditor failed to file any claim against the estate of the deceased debtor and commenced suit on the guaranty against the guarantors after the time for filing claims had expired. In an opinion by Mr. Chief Justice ROSENBERRY the court determined that the liability of the guarantors was not affected by the failure of the creditor to have filed a claim against the estate of the debtor.

Furthermore, by the afore-quoted express terms of the guaranty, the guarantors waived the alleged acts and omissions of the R. F. C. upon which they grounded their motion to have the deficiency judgment vacated. A guaranty containing the same identical wording was before the United States court of appeals in *Duke v. Reconstruction Finance Corp.* (4th Cir. 1954), 209 Fed. (2d) 204. In that case the guarantors also urged that they were discharged from the guaranty because the R. F. C. did not diligently enforce its rights against collateral security securing the principal debtor's indebtedness. The federal court made short shrift of such argument by stating (209 Fed. (2d) at p. 206):

"The argument of the guarantors is directly contrary to both the law of guaranty and the documents which control in this case."

The federal court then proceeded to quote the pertinent provisions of the guaranty hereinabove set forth. We consider that this federal case rules the instant appeal. Our holding in *Schlesinger v. Schroeder, supra,* is also in accord as are *Barrett v. Shanks* (1943), 382 Ill. 434, 47 N. E. (2d) 481; *Merchants Nat. Bank v. Stone* (1936), 296 Mass. 243, 5 N. E. (2d) 430; and *Continental Oil Co. v. Horsey* (1939), 175 Md. 609, 3 Atl. (2d) 476.

The respondents' brief makes reference to sec. 9, art. I, Const., which provides:

"Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws."

We fail to see how such constitutional provision can be invoked to relieve the guarantors from the specific terms of their contract of guaranty.

Two further issues are raised in respondents' brief: (1) That the original judgment of foreclosure is void because of the failure to serve any notice upon the receiver in the ch. 128, Stats., proceedings; and (2) that the appeal to this court is fatally defective for the reason that the record discloses no service of the notice of appeal upon the clerk of court.

There is no requirement in the law that any party who acquires an interest in the mortgagor's equity after the filing of a proper notice of *lis pendens* should be served with any notice of any step to be taken in the prior-instituted foreclosure action. This court held in *Gaynor v. Blewett* (1892), 82 Wis. 313, 315, 52 N. W. 313, that a purchaser or lessee of the mortgagor after the filing of the notice of *lis pendens* has constructive notice of a pending foreclosure action, and takes subject to whatever subsequent order or decree the court may lawfully make in the action. An assignee or receiver in a ch. 128, Stats., proceeding, who succeeds to the mortgagor's equity of redemption in the mortgaged premises subsequent to the filing of the notice of *lis pendens,* is likewise bound by the same constructive notice.

While the affidavit of service of the notice of appeal does not state that such notice was served upon the clerk of court, the notice of appeal bears the filing stamp of the clerk. This in itself constituted service upon the clerk. *Zahorka v. Geith* (1906), 129 Wis. 498, 109 N. W. 552. Furthermore, respondents' counsel by participating in the appeal and not moving to dismiss the appeal has waived any defective service of the notice of appeal. Sec. 269.51, Stats., and *Maas v. W. R. Arthur & Co.* (1942), 239 Wis. 581, 2 N. W. (2d) 238.

The appellant's brief raises the additional issue that the trial court had lost jurisdiction to vacate the deficiency judgment when it entered its order of May 2, 1957, which so provided. The controlling statute is sec. 269.46 (3) which

provides: "All judgments and court orders may be reviewed by the court at any time within sixty days from service of notice of entry thereof, but not later than sixty days after the end of the term of entry thereof." Counsel for the respondents contend that, inasmuch as no notice of entry of the amended judgment for deficiency entered February 25, 1957, was served, the order of May 2, 1957, was timely entered. On the other hand, appellants contend that the original judgment entered in the foreclosure action of October 10, 1955, is *res adjudicata* on the issue of the Klebes' liability on the guaranty so that the trial court was without jurisdiction in May, 1957, to do anything which would nullify such 1955 judgment. Because of our disposition upon the merits of the issue of the Klebes' liability on the guaranty, we find it unnecessary to pass on these contentions.

*By the Court.*—The order appealed from is reversed.

MARTIN, C. J., and BROWN, J., took no part.