## Maine Bonding & Casualty Company

*v.*

## Foundation Constructors, Inc. *& a.*

Argued May 5, 1964.
Decided July 17, 1964.

*Devine, Millimet, McDonough, Stahl & Branch* and *John S. Holland* (*Mr. Holland* orally), for the plaintiff.

*Francis G. Moulton* (by brief and orally), for Russell W. Wood and other third party claimants.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *T. William Bigelow* (*Mr. Bigelow* orally), for United Glass and Aluminum Co., Inc., a third party claimant.

Wheeler, J.  Petition for declaratory judgment to interpret a bond.  The issues presently before us are stated in the reserved case as follows:

"This matter was originally transferred without ruling as to

the obligation of Maine Bonding & Casualty Company to satisfy the claims of sub-contractors who have no lien on the property and to whom Eastern Development Corp. is not obligated. This question involved a determination whether the bond in question was an indemnity or a performance (payment) bond. At the hearing before the prior transfer, the Court, after admitting parol evidence as a procedural device to prevent a further hearing in the event its ruling was in error, excluded the evidence subject to exception. The questions of law raised by that and other exceptions were also transferred.

"After hearing in the Supreme Court, the specifications were offered in evidence there by the defendants but were objected to by the plaintiff, which, as an alternative to exclusion by that Court, moved that the matter be remanded to this Court for the taking of further evidence as to the intention of the parties and for a determination of the admissibility of the specifications.

"On remand to this Court, the specifications were admitted. Parol evidence of the intention of the parties was offered by the Bonding Company in this instance, the positions of the parties now being reversed as to its admissibility."

This case was originally argued here February 5, 1963. After hearing and before decision by this court the defendants filed a motion that this court receive and consider the specifications and general conditions of the contract which were not available at the time of the original transfer here, but have since been located.

In the alternative defendants moved that the case be remanded to the Superior Court prior to a decision here for reception of evidence of the specifications and general conditions.

On February 28, 1963 this court made the following order: "Remanded to the Superior Court for consideration of matters presented by motion of Russell W. Wood et al. and United Glass & Aluminum Co. Inc., and the objections by the Maine Bonding & Casualty Co."

The Court below after hearing pursuant to this order admitted in evidence the specifications and general conditions subject to the plaintiff's exception which was later waived. The Court subject to the defendants' exceptions permitted the plaintiff to introduce certain oral testimony. The exceptions of both parties to certain evidentiary rulings and to the findings and rulings were reserved and transferred by *Grimes*, J.

The Court made the following findings and rulings: "It is ruled that the language of the bond is not ambiguous and that the parol evidence offered at the hearing after remand is not admissible. Plaintiff excepts.

"Realizing that determination of the intention of the parties from such evidence, if admissible, is for this court in the first instance, I have considered the evidence to avoid a further remand in the event it is held admissible.

"It is found that the parties intended and contemplated an indemnity bond and that if the language of the bond and such parts of the contract and specifications as may properly be considered does not create a performance (payment) bond, there is nothing in the oral evidence that convinces me that one was intended. The defendants except."

The position of the parties here with respect to the admissibility of oral testimony relating to the intention of the parties is now reversed. The plaintiff now contends it was entitled to introduce further oral testimony to show the intent of the parties and the defendants now argue that the language of the bond is not ambiguous and the Court's ruling to that effect should be sustained.

On November 18, 1960 the Maine Bonding and Casualty Co. executed a bond in the penal sum of $165,000 to the Eastern Development Corporation of Woburn, Massachusetts, the material conditions of which provided: "WHEREAS, the Principal has, by written Agreement, dated November 18, 1960 entered into a contract with the Obligee for construction of a First National Store and four additional smaller stores at Littleton, New Hampshire *a copy of which is by reference made a part hereof* (emphasis supplied);

"NOW, THEREFORE, the condition of this obligation is such, that if the Principal shall faithfully perform the contract on his part, free and clear of all liens arising out of claims for labor and materials entering into the construction, and indemnify and save harmless the Obligee from all loss, cost or damage which he may suffer by reason of the failure so to do, then this obligation shall be void; otherwise to remain in full force and effect."

On the same date Foundation Constructors, Inc. a general contractor entered into a written contract with Eastern Development Corporation owner for the construction of a building in Littleton, N. H. to be used as a shopping center.

The defendants other than the owner and general contractor are subcontractors, laborers or materialmen who claim to have furnished labor or materials for which they have not been paid which amount to $60,475.61 which exceeds the unpaid balance of the contract price withheld by the owner amounting to $23,367.30 which has been paid into Superior Court. The subcontractors make no claim against the owner beyond this amount but they do claim that the plaintiff under the bond in question is obligated to pay their claims not covered by the sum paid into court.

The plaintiff contends that the obligation assumed by the surety was an indemnity bond to indemnify and hold harmless the owner from all loss and did not inure to the benefit of third parties. The bond provided among other conditions that the contract entered into between Foundation Constructors and Eastern Development "is by reference made a part hereof."

The contract provided under the "General Obligations of Contractor" that "said general conditions, plans and specifications are identified by the signatures of the parties hereto and together with this agreement constitute the entire contract." The contract further provided that the contractor should furnish a bond "covering the faithful performance of the contract, payment of all obligations arising thereunder, and completion of the work . . . ." The specifications provided among other things that "unless otherwise stipulated, the contractor shall provide and pay for all materials, labor, water, tools, equipment, light, heat and power necessary for the execution of the work."

We do not think that there is any ambiguity in the surety's undertaking, when the bond, contract and the specifications are read together. They constitute an integrated obligation. *Rivier College* v. *St. Paul Fire Ins. Co.*, 104 N. H. 398; *Paisner* v. *Renaud*, 102 N. H. 27. "When as in this case, a bond refers to and is conditioned on the performance of a specific agreement the latter's terms become a part of the bond and the instruments should be read together as a whole." *Paisner* v. *Renaud*, 102 N. H. 27, 29; see also, 9 Appleman, Insurance Law and Practice, *s.* 5276, *p.* 70; Restatement, Security, *s.* 165, *ill.* 2; 4 Corbin, Contracts, *s.* 800.

As was pointed out in *Daughtry* v. *Maryland Casualty Co.*, 48 F. 2d 786, 788 (4th Cir. 1931) to excuse the bonding company from liability to laborers and materialmen would place it in the absurd position of executing a bond in violation of the

terms of a contract and, at the same time incorporating the contract in the bond. See also, *National Surety Co.* v. *Rochester Bridge Co.*, 83 Ind. App. 195; *City Nat. Bank* v. *Independent School Dist.*, 190 Iowa 25.

Since the surety's undertaking as contained in the bond, and the contract and specifications was not ambiguous the oral testimony offered by the plaintiff to show the intent of the parties was inadmissible. *Rivier College* v. *St. Paul Fire Ins. Co.*, *supra.*

Considering the plaintiff's obligations under the bond when read together with the terms of the contract and specifications which were made a part thereof by reference we hold that the plaintiff is under obligation to the defendants to pay the amount of their unpaid claims less any partial satisfaction resulting from payments to them from the fund paid into Superior Court by Eastern Development Corporation.

*Judgment for the defendants.*

All concurred.