Hillsborough
No. 81-209

## Nashua Trust Company

v.

## H. Robert Weisman & a.

May 12, 1982

*Hamblett & Kerrigan,* of Nashua (*John P. Griffith* and *Edward D. Beasley* on the brief, and *Mr. Griffith* orally), for the plaintiff.

*Arthur O. Gormley, Jr.,* of Nashua, by brief and orally, for the defendants.

BATCHELDER, J.  This interlocutory appeal comes to us from rulings by the Superior Court (*Bean,* J.) denying motions for summary judgment filed by the Nashua Trust Company in two cases consolidated below. We affirm.

On March 12, 1975, the Weismans signed a document entitled "Guarantee of Wholesale Obligations" to the Nashua Trust Company in connection with the extension of financial accommodations on a loan in default from the bank to Annex Auto Sales, Inc., an automobile dealer located in Nashua. After a default by the auto dealer, the plaintiff made demand upon the Weismans for payment of the full amount due, $176,158, and, upon nonpayment, brought the first action of debt based upon the terms of the guarantee agreement. The second action brought by the plaintiff was an action in debt against H. Robert Weisman for the $16,000 balance

due, plus interest, costs and attorney's fees, on a note executed by the defendant H. Robert Weisman on February 17, 1977, in the original sum of $25,000. The plaintiff filed motions for summary judgment in both actions. The defendants filed counter-affidavits, and, after a hearing, the motions were denied. The plaintiff, Nashua Trust Company, appealed and raises three questions:

> I. Whether the parol evidence rule forbids the introduction of prior or contemporaneous oral evidence which would contradict the unconditional nature of the guarantee of wholesale obligations signed by defendants.

> II. Whether the alleged negligence of the plaintiff is, as a matter of law, a defense of which the defendants may avail themselves.

> III. Whether the trial court erred in denying the plaintiff's motions for summary judgment.

■■ This case involves motions for summary judgment, so that we must consider the pleadings and affidavits filed in support of the motion to see if they raise a genuine issue of material fact. *See Lourie v. Keene State College*, 121 N.H. 233, 235, 428 A.2d 902, 903 (1981). Because the motions are against the defendants, we will consider the motions in light of the defendants' arguments against them.

■■ First, the defendants sought to introduce parol evidence to contradict the unconditional nature of their payment guarantee and introduce additional terms to the agreement. When the language of the instrument is clear and unambiguous, the plain meaning rule prohibits the introduction of contradictory evidence. *Maine Bonding & Cas. Co. v. Foundation Constructors*, 105 N.H. 470, 474, 202 A.2d 481, 483–84 (1964); *see Lapierre v. Cabral*, 122 N.H. 301, 305, 444 A.2d 522, 525 (1982). The instrument in question states that the defendants "unconditionally guarantee[d] payment." The defendants may not introduce parol evidence to alter this unconditional guarantee.

The defendants next claimed that the bank was negligent in its protection of their interests and that this negligence relieves them from the obligations which they undertook in signing the agreement. Specifically, they claim that the bank failed to take proper inventory checks on the collateral for the underlying loan and to monitor the conduct of the dealer.

■ Courts have taken three different positions on the availabil-

ity of a negligence defense to an action on an unconditional guarantee. Some courts have refused altogether to permit a negligence defense. *See, e.g., Joe Heaston Tractor & Imp. Co. v. Securities Accept. Corp.*, 243 F.2d 196, 200 (10th Cir. 1957); *United States v. Klebe Tool & Die Co.*, 5 Wis. 2d 392, 397, 92 N.W.2d 868, 871 (1958). An emerging trend, relying on 74 AM. JUR. 2d *Suretyship* § 86, at 63, § 92, at 67 and the RESTATEMENT OF SECURITY § 132, at 358, will allow the guarantor to raise a defense when there is "affirmative" rather than "passive" negligence. *See, e.g., Custom Leasing Inc. v. Carlson Stapler & Shippers Supply Inc.*, 195 Neb. 292, 298–99, 237 N.W.2d 645, 649 (1976). A few jurisdictions will also permit the defense when the creditor fails to file or perfect a security interest, to the detriment of the guarantor. *See, e.g., First Nat. Bank in Grand Forks v. Haugen Ford, Inc.*, 219 N.W.2d 847, 852 (N.D. 1974); *D. W. Jaquays & Co. v. First Security Bank*, 101 Ariz. 301, 305, 419 P.2d 85, 89 (1966).

We hold that the defendants here may not avail themselves of a negligence defense in these proceedings. They cannot prevail under any of these positions. Even were we to allow an "affirmative negligence" defense, the plaintiff's failure to take proper inventory checks is, at most, passive negligence. Because it is not at issue in this case, we will not decide whether we would permit the defense when the creditor failed to file or perfect a security interest.

The defendants also raised a defense of fraud in the inducement. It is a valid defense and may be asserted by the defendants, if the facts are available to support it. New Hampshire law recognizes that the procuring of a contract or conveyance by means of fraud or negligent misrepresentation is an actionable tort, *see, e.g., Ingaharro v. Blanchette*, 122 N.H. 54, 57, 440 A.2d 445, 446–47 (1982); *Chagnon Lumber Co., Inc. v. DeMulder*, 121 N.H. 173, 175, 427 A.2d 48, 50 (1981), and hence can be raised as a defense to a claim based on the agreement. The parol evidence rule does not preclude the use of testimony to prove fraud or misrepresentation. *Lapierre v. Cabral*, 122 N.H. at 307, 444 A.2d at 526; *Ingaharro v. Blanchette*, 122 N.H. at 56, 440 A.2d at 446; *see generally* 3 A. CORBIN ON CONTRACTS § 580, at 431–39 (1960). Since these defenses raise factual questions, the denial of summary judgment on the guarantee action was proper.

We have more difficulty reviewing the order denying the motion for summary judgment in the action on the note. No evidence appears in the record connecting the guarantee and the

note, although both parties have acted as if there is a connection. The plaintiff apparently filed no affidavit in support of this motion, and the defendants' counter-affidavit makes no mention of the note. Because there is no transcript of the hearing before the trial court, we will assume that the court found the facts necessary to support its decision. *See Sexton Motors, Inc. v. Renault Northeast, Inc.*, 121 N.H. 460, 463, 431 A.2d 116, 119 (1981); *McCrady v. Mahon*, 119 N.H. 247, 248–49, 400 A.2d 1173, 1174 (1979). If a defense to the action on the note does not exist, the plaintiff may renew his motion for summary judgment.

*Affirmed; remanded.*

All concurred.