# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0658, <u>Patricia O'Donnell v. Kathryn O'Donnell</u>, the court on October 27, 2017, issued the following order:**

Having considered the brief filed by the plaintiff, Patricia O'Donnell, the memorandum of law filed by the defendant, Kathryn O'Donnell, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The plaintiff appeals the entry by the Superior Court (Schulman, J.) of judgment in favor of the defendant on the plaintiff's petition to quiet title. We affirm.

The trial court recited the following facts in its 39-page narrative order. The parties dispute whether the plaintiff or the defendant is the sole owner of the subject real estate, a 35-acre parcel of land in Derry, which the parties and their mother originally purchased in 1986. There is no dispute that the plaintiff was the legal owner of the property until January 29, 2004, when she executed a deed purporting to convey record title for the property to the defendant. In her petition to quiet title, the plaintiff asserted that her signature on the deed was either forged or fraudulently obtained. The defendant countered that the deed was genuine and that the plaintiff intentionally transferred the property to the defendant in consideration for forgiving a debt associated with the property.

Following a nine-day bench trial, the trial court found that the plaintiff had failed to prove that the deed conveying the property from the plaintiff to the defendant was either forged or obtained by fraud. The court further found that the defendant's account of the circumstances leading to the execution of the deed was more credible than the plaintiff's account. Accordingly, it awarded judgment to the defendant and quieted title by ruling that the defendant owns the property.

In an action to quiet title, the burden is on each party to prove good title as against all other parties whose rights may be affected by the court's decree. Hersh v. Plonski, 156 N.H. 511, 514 (2007). We will uphold the trial court's determination unless it is erroneous as a matter of law or unsupported by the evidence. Id.

On appeal, the plaintiff first argues that the trial court erred by failing to rule that the 2004 deed is "void" under the statute of frauds because it does not contain a purchase price and because the gift tax stamp affixed on the

deed does not allow such a price to be calculated. The trial court rejected the plaintiff's argument as follows:

> The Statute of Frauds has no application to this case. Neither party has asked this court to enforce an executory oral contract. Rather, the parties dispute the validity of a signed and recorded deed that conveyed real estate from the plaintiff to the defendant. The deed is a writing. It was signed by the plaintiff. The transaction was completed in 2004. The defendant need not come forward years after the fact with a signed purchase and sale agreement.

The plaintiff next argues that the trial court erred when it ruled that her debt to the defendant was enforceable and when it concluded that the plaintiff's conveyance of the property to the defendant in satisfaction of the debt was a valid conveyance. The plaintiff contends that the debt was owed to the parties' mother, not to the defendant, and, therefore, was not enforceable by the defendant in the absence of an assignment from the mother.

The trial court explained that it never ruled upon the enforceability of the debt. The court stated in its order on the merits:

> [T]he court need not determine whether [the defendant] and/or [the parties' mother] could have successfully enforced the alleged debt in litigation. Their claim might have failed for any number of reasons starting with the absence of the promissory note and the presence of the mortgage discharge. However, less colorable claims are routinely settled outside of litigation. In this case, the most plausible explanation of [the plaintiff's] signature on the deed is that she knowingly, intelligently, and voluntarily signed it in order to buy peace.

In responding to the plaintiff's motion for reconsideration, the trial court further explained:

> Plaintiff may have had meritorious defenses that she could have asserted in the event that defendant filed suit circa 2004 to recover the amount she claimed to be due under the note. Those defenses might well have included (a) a defense based on the statute of frauds if the note could not be produced, (b) a defense based on the discharge of the mortgage, (c) a defense based on a purported lack of consideration, (d) a defense based on a failure of a meeting of the minds, and [(e)] a defense based [on] defendant's standing in the absence of a written assignment. The court said as much in its final order.

2

However, the court also said, and continues to believe that plaintiff deeded the property to defendant to settle all such claims and buy peace.

The plaintiff also argues that the trial court erred by relying upon "parol" evidence when it considered her claims. But see Nashua Trust Co. v. Weisman, 122 N.H. 397, 400 (1982) (recognizing that "[t]he parol evidence rule does not preclude the use of testimony to prove fraud or misrepresentation.").

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**

3